## 65208. LITTLEJOHN v. THE STATE.

SHULMAN, Chief Judge.

This appeal is from appellant's conviction for driving with an expired driver's license.

1. Appellant is the holder of a veteran's driver's license. His main defense at trial was that veteran's licenses issued prior to 1976 (as was his) do not expire. We cannot agree.

Veteran's licenses were first authorized by Ga. L. 1949, pp. 1152, 1153, as ". . . a mark of appreciation on the part of the people of Georgia, which shall entitle the holder thereof to the exemption [from licensing fees] until the same be suspended, or revoked, in accordance with the law." That Act also provided that such licenses were to be on ". . . cards or forms . . . of such texture as will serve as permanent driver's license cards." Id.

In 1964, the legislature revised the system which determined the expiration dates of driver's licenses and expressly provided that veteran's licenses ". . . shall not expire by virtue of this Act . . ." Ga. L. 1964, pp. 171, 173. In 1972, there was imposed a requirement that all licensed drivers be tested periodically for visual acuity. Holders of veteran's licenses were also required to be so tested. In the event they met the requirements, veterans could keep their old licenses with a notation made thereon of the date of the examination. If, however, a holder of a veteran's license failed the eye examination, his license was to be stamped void and returned to him. If he subsequently passed a visual test, a new veteran's license would be issued. Ga. L. 1972, p. 1076.

The Driver's Licensing Act (Ga. L. 1975, p. 1008 et seq., codified as Code Ann. Title 68B) comprehensively revised the provisions for

licensing drivers. In Code Ann. § 68B-213(a) (OCGA § 40-5-32 (a)), the legislature provided that holders of veteran's licenses must comply with the vision test requirements of subsection (b) of § 68B-213. Then, in 1977, § 68B-213(a) was amended to add the following sentence: "The Department [of Public Safety] may allow a veteran ... license holder to retain his *expired* veteran's ... license as a souvenir." (Emphasis supplied.) Ga. L. 1977, pp. 307, 308.

From the language employed in the statute since 1975, it is apparent that the legislature contemplated that veteran's licenses would expire in the same way as other licenses and must be renewed every four years. The provision in Code Ann. § 68B-218 (b) (OCGA § 40-5-36) that holders of veteran's licenses issued prior to 1976 may not be compelled to surrender them does not support appellant's argument. Reading the statute as a whole leads to the unmistakable conclusion that the legislature was referring to a permanent and physical relinquishment of the license when it used the word "surrender." Neither provision for renewal or the temporary retention of a license in lieu of bond amounts to a requirement that a licensee "surrender" the license.

2. Appellant also argues that the issuance of his license under a statute which provided for permanent veteran's licenses constituted a contract between him and the state. He has cited no authority in support of that contention and we have found none.

"The State has the authority under its police powers to enact reasonable laws regulating the use and operation of motor vehicles upon the public highways. Such laws are absolutely essential for the safety of the general public and the protection of public property. Consequently the right to operate a motor vehicle is a qualified right and before one may operate a vehicle upon the highways, he must obtain a license from the State. [Cit.] The State may impose reasonable conditions upon the issuance of such license." *Dennis v. State,* 226 Ga. 341, 342 (175 SE2d 17). The requirement that one pass periodic vision tests in order to preserve the validity of a driver's license is manifestly within the holding in *Dennis,* supra, and we find appellant's argument that such requirements may not be changed to be without merit.

3. Appellant was fined $35 for the offense of which he was found guilty. He enumerates as error that sentence, arguing that it was excessive because no fine or other penalty is levied against persons who renew their licenses after expiration. What appellant seems to overlook in formulating his argument is that he was not fined for allowing his license to expire, but for *driving* while the license was expired.

Driving with an expired driver's license is a violation of Code

Ann. § 68B-201 (a) (OCGA § 40-5-20 (a)). Code Ann. § 68B-401 (7) (OCGA § 40-5-120 (7)) makes such a violation a misdemeanor. Since misdemeanors may be punished by a fine as high as $1,000 (Code Ann. § 27-2506 (OCGA § 17-10-3)), the fine here was clearly within the statutory limits and, as such, is not subject to review. *Daniels v. State,* 154 Ga. App. 323 (3) (268 SE2d 376).

4. Appellant has enumerated as error the denial of his right to a trial by jury. After a review of the record and of the law, we find appellant's enumeration on this issue meritorious and dispositive of this appeal. The Act which established the office of Magistrate of the State Court of Fulton County provides that the magistrates may try traffic violations, but requires that the magistrate, ". . . prior to the trial of any traffic law violation, shall advise the accused of his right to a jury trial and upon being informed of the accused's desires to have a jury trial shall transfer the case to the Criminal Division of the State Court of Fulton County. Said magistrate shall obtain a written waiver of jury trial prior to the trial of the case." Ga. L. 1980, pp. 3735, 3738. The record in this case does not contain such a waiver even though appellant specified that the entire record be forwarded to this court. We must agree, therefore, with appellant's assertion that he was denied his right to trial by jury. In light of the legislature's obvious intent in the enactment to protect the rights of pro se defendants, we find the omission of the required advice and the failure to obtain a written waiver to be harmful error requiring reversal of appellant's conviction.

5. Appellant's remaining enumerations of error involve situations not likely to recur on retrial or issues requiring additional factual development, rendering their resolution on this appeal inappropriate.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 28, 1983.

Charles E. Littlejohn, *pro se.*

*Hinson McAuliffe,* Solicitor, *Deborah S. Greene,* Assistant Solicitor, *Michael J. Bowers,* Attorney General, *Daryl A. Robinson,* Assistant Attorney General, for appellee.