## A89A1194. RUSTIN v. THE STATE.
(386 SE2d 535)

SOGNIER, Judge.

Thomas Milton Rustin, Jr. was convicted of the offense of DUI and he appeals.

1. Appellant enumerates the general grounds. Construed to support the conviction, the evidence of record shows that on September 30, 1988 at approximately 6:15 p.m., in Pike County, appellant improperly pulled his car out in front of Henry Dyals' car, causing an accident. Dyals left his car in the roadway and appellant pulled his car to the side of the road. Dyals and appellant then proceeded to stop passing motorists, asking them to get in touch with the State

Patrol. Dyals testified that during the approximately 10 or 15 minutes before the troopers arrived, he was directing traffic and appellant repeatedly got in and out of his car. Trooper David Calloway testified that when he arrived at the scene, appellant appeared unsteady, had slurred speech and an odor of alcohol on his breath. He noticed empty beer cans on the floor of the car, which appellant admitted drinking, as well as an ice chest which contained several unopened cans of beer. Trooper Edward Cunningham testified that he arrived at the scene at approximately the same time as Calloway, and that after Calloway had placed appellant in Cunningham's patrol car, he (Cunningham) advised appellant of his rights and transported him to the Pike County Sheriff's office. An intoximeter registered .22 grams percent alcohol in appellant's blood.

Appellant argues that Calloway did not observe appellant driving, and thus could not say whether he was under the influence of alcohol at that time. However, it is well established that driving under the influence may be shown by circumstantial evidence. See, e.g., *Jones v. State*, 187 Ga. App. 132, 133 (1) (369 SE2d 509) (1988). Although appellant was not under constant scrutiny, Dyals testified that he "smelled something" on appellant's breath at the time of the accident and that after the accident appellant "wasn't in [his car] long enough to do much of anything." Calloway testified that in the time between the accident and his arrival at the scene, appellant "couldn't drink enough to get in the condition he was in when I got there." We find this evidence sufficient to enable a rational trier of fact to find appellant guilty of DUI. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by proceeding to trial without having first obtained a waiver of jury trial in writing pursuant to OCGA § 40-13-23 (a), which provides, in pertinent part, that "[n]o court defined in this article shall have the power to dispose of traffic misdemeanor cases as provided in this article unless the defendant shall first waive in writing a trial by jury." After a review of the record and the law, we find appellant's enumeration on this issue meritorious. It is undisputed that the probate court, in which appellant's trial was held, is one "defined in [that] article." See OCGA § 40-13-21. The record shows that the uniform traffic citation issued to appellant charging him with the offense of DUI contains on its reverse side a blank form captioned "appearance, plea of guilty and waiver," on which, by filling in the blanks, appellant could have waived his right to be tried by a jury. However, in this instance the form remains blank. The record contains no written waiver of appellant's right to be tried by a jury even though appellant directed that nothing be omitted from the record on appeal. "In light of the legislature's obvious intent in the enactment [to prohibit trial without first obtaining

written waiver of a jury], we find the omission of the required advice and the failure to obtain a written waiver to be harmful error requiring reversal of appellant's conviction." *Littlejohn v. State*, 165 Ga. App. 562, 564 (4) (301 SE2d 917) (1983).

3. Appellant's novel construction of OCGA § 40-6-391 (b) concerning legal use of a drug other than alcohol is not only erroneous but irrelevant here where appellant's conviction was based on OCGA § 40-6-391 (a) (1) (driving under the influence of alcohol). Accordingly, we find no merit in appellant's contention that the trial court erred by denying his motion to quash the citation on that basis.

4. Appellant contends on two grounds that he was improperly sentenced as a DUI second offender pursuant to OCGA § 40-6-391 (c) (2). Appellant first argues the sentence was improper because no certified copy of the first conviction was produced, the State having introduced only a certified copy of his driving record indicating the prior DUI conviction. However, appellant did not make this objection below, and this court will not consider questions raised for the first time on appeal. *Moore v. State*, 181 Ga. App. 548, 549 (2) (352 SE2d 821) (1987).

Appellant also argues that he was improperly sentenced as a repeat offender because his prior conviction was void on the basis that in that proceeding, as in this one, he had not waived in writing his right to a jury trial. However, pretermitting the question of whether appellant's prior conviction was void, appellant's sentence was within the range permitted by OCGA § 40-6-391 (c) (1) for first offenders and thus, admission of the prior conviction was harmless. See generally *Moore*, supra at 549 (1); *Stoe v. State*, 187 Ga. App. 171, 172 (1) (369 SE2d 793) (1988).

5. We have carefully reviewed appellant's remaining enumerations of error and have found them to be either meritless or unlikely to recur at retrial.

*Judgment reversed and case remanded. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1989.

*Virgil L. Brown & Associates, Virgil L. Brown*, for appellant.
*W. Fletcher Sams, District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.