A89A2033. SNELLINGS v. THE STATE.
(391 SE2d 36)

COOPER, Judge.

Convicted in probate court of speeding, appellant appealed to superior court. This appeal is from the superior court's affirmance of conviction. We reverse.

Probate courts are empowered by OCGA § 40-13-21 to entertain prosecutions for State traffic offenses. However, in OCGA § 40-13-23, that power is made contingent on the obtention of a written waiver of trial by jury: "No court defined in this article shall have the power to

dispose of traffic misdemeanor cases as provided in this article unless the defendant *shall first waive in writing a trial by jury.*" (Emphasis supplied.) In appellant's appeal to superior court, the court found as a fact that no such waiver was executed in probate court. The superior court held, nonetheless, that an oral waiver at a recorded hearing was sufficient compliance with the statute. We cannot agree.

The language of the Code section is clear and unambiguous: without a written waiver of trial by jury, the probate court is without authority to proceed to disposition of the case. Although the next sentence of the section puts the burden on the defendant to notify the court if a jury trial is desired, the first sentence unmistakably places on the probate court the responsibility of procuring a written waiver before disposing of the case. Since that responsibility was not met in this case, the contingency on which the probate court's subject matter jurisdiction depended did not occur. "The judgment of a court having no jurisdiction of the person or subject matter . . . is a mere nullity. . ." OCGA § 17-9-4. The judgment of conviction entered in probate court was, therefore, a mere nullity and the superior court's failure to proclaim it so was error.

Our holding that all the proceedings below were a nullity renders it unnecessary to address the other issues raised by appellant.

*Judgment reversed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Beasley, JJ., concur. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

The superior court found that the defendant is college educated, presently a law student at the University of Georgia, has appeared in the probate court on two prior occasions with speeding tickets, and has received five other citations in other places. Further, he made no attempt to notify the probate court that he desired a jury trial although OCGA § 40-13-21 places upon him the affirmative duty of requesting one. The court noted a written waiver is required under OCGA § 40-13-21 because most of the defendants in probate court appear *pro se*, and this requirement protects the illiterate and incompetent.

I fully agree with the trial court that the defendant waived his right to a jury trial when a waiver appears as a part of the transcript of the proceedings in the probate court. He admitted in superior court that he made no request for a jury trial in the lower court. Appellant's reliance upon *Littlejohn v. State,* 165 Ga. App. 562 (301 SE2d 917) (1983) is misplaced. The statute in question in that case required the magistrate, prior to trial on a traffic offense, to advise the accused of his right to a jury trial and, upon being informed that the accused did not desire a jury trial, to obtain a written waiver. Under OCGA § 40-

13-21, the accused bears the burden of requesting a jury trial. The record plainly shows that the defendant knowingly and intelligently waived his right to a jury trial.

I must respectfully dissent.

DECIDED FEBRUARY 19, 1990.

Ross S. Snellings, *pro se.*

*Lindsay A. Tise, Jr., District Attorney, Francis J. George, Assistant District Attorney,* for appellee.