A90A1236. DAVIS v. THE STATE.
(399 SE2d 554)

COOPER, Judge.

Appellant was convicted of the offense of driving under the influence of alcohol in the Probate Court of Upson County. This conviction was appealed to the Superior Court of Upson County pursuant to OCGA § 40-13-28, and was affirmed. This appeal followed.

1. Appellant first enumerates the general grounds. After reviewing the entire record and transcript before us, including the testimony of the arresting officer and the appellant, in a light most favorable to the verdict, we conclude that there is " 'ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that the appellant was guilty of (the offense) charged.' *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). [Cits.]" *Rios v. State,* 193 Ga. App. 485 (1) (388 SE2d 527) (1989). We also conclude that the trial court's determination that venue was proper was supported by evidence in the record. *Beard v. State,* 193 Ga. App. 877 (1) (389 SE2d 384) (1989).

2. Appellant next enumerates that the probate court did not have jurisdiction to dispose of the case because appellant never waived his right to a jury trial in writing as required by OCGA § 40-13-23 (a). A review of the record reveals that appellant did not sign the jury trial waiver, and consequently the probate court was without authority to dispose of the case. Since the statutory responsibility of the probate court to obtain the written waiver "was not met in this case, the contingency on which the probate court's subject matter jurisdiction depended did not occur. 'The judgment of a court having no jurisdiction of the person or subject matter . . . is a mere nullity. . . .' OCGA § 17-9-4." *Snellings v. State,* 194 Ga. App. 552, 553 (391 SE2d 36) (1990). See *Kendall v. State,* 196 Ga. App. 760 (396 SE2d 927) (1990); *Rustin v. State,* 192 Ga. App. 775 (2) (386 SE2d 535) (1989). Even though there is no indication that the waiver-of-jury-trial issue was

raised in the superior court, this is a matter which goes to the subject matter jurisdiction of the probate court and the right to attack the judgment as a nullity is not waived by the failure to attack it before. *Barrett v. State*, 183 Ga. App. 729 (1) (360 SE2d 400) (1987).

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 27, 1990.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.