A91A0464. WALKER v. THE STATE.
(405 SE2d 322)

McMURRAY, Presiding Judge.

Defendant was found guilty in probate court of speeding. He appealed to the superior court pursuant to OCGA § 40-13-28. The superior court affirmed defendant's conviction, reciting that the affirmance was based on the review of a transcript of the probate court proceedings. Defendant appealed to this court. The notice of appeal recited that a transcript "has been filed" for inclusion in the appellate record. In fact, although a summary of the evidence was prepared by the probate judge, a transcript did not appear in the record. Accordingly, in an unpublished opinion, this Court remanded "the case to the superior court for inclusion of the transcript in the record on appeal if one exists, or in the alternative, if there is no transcript of the probate proceedings, for clarification by the superior court as to the basis upon which it made its determination that the evidence was sufficient to support the appellant's conviction." *Walker v. State*, Case No. A90A1364, decided October 24, 1990.

Following the remand, the superior court entered an order which reiterated the facts set forth in the probate court's summary of the evidence and concluded that defendant was guilty of the offense of speeding beyond a reasonable doubt. In so doing, the superior court made it clear that its findings and conclusion were based on the summary of the evidence which the probate court certified.

Defendant appeals again, contending the evidence was insufficient to enable the superior court to find defendant guilty of speeding beyond a reasonable doubt. In this regard, defendant asserts the pro-

bate court's summary of the evidence could not serve as the basis for a new determination of guilt or innocence in light of our ruling in the previous appeal. We disagree.

We did not, in the previous appeal, reject the probate court's summary of the evidence as insufficient. We merely held that if a transcript of the evidence had been made and relied upon by the superior court, it should be included in the record on appeal. We made no determination whatsoever with regard to the sufficiency of the summary of the evidence prepared and certified by the probate court.

Defendant also argues that the summary of the evidence is insufficient on its face because it does not show whether or not the witnesses were administered an oath before giving testimony. This argument fails too. It is too late for defendant to complain that the witnesses were permitted to testify without being sworn. *Neidlinger v. Mobley*, 76 Ga. App. 599, 600 (1) (46 SE2d 747).

The summary of evidence certified by the probate court was sufficient to enable the superior court to conduct a de novo proceeding, reviewing the record of the lower court, and make a new determination of guilt. See generally *Anderson v. City of Alpharetta*, 187 Ga. App. 148 (369 SE2d 521).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991 —
REHEARING DENIED APRIL 8, 1991 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.
*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.