S91G0119. NICHOLSON v. THE STATE.
(403 SE2d 42)

WELTNER, Justice.

Nicholson was convicted in probate court of driving under the influence of alcohol. The conviction was affirmed on appeal to the superior court pursuant to OCGA § 40-13-28. In his appeal to the Court of Appeals, he contended that the probate court was without jurisdiction to dispose of the offense because the record contains no written waiver of trial by jury as required by OCGA § 40-13-23. In an unreported decision, the Court of Appeals affirmed the conviction, holding that the issue of waiver was not preserved for review.

We granted certiorari to determine whether the failure of the probate court to obtain a written waiver of jury trial can be raised for the first time in an appellate court.

1. The jurisdiction of probate courts to try state traffic misdemeanor cases exists by virtue of OCGA § 40-13-21 (a) and (b), in part as follows:

(a) The probate courts and municipal courts[1] of the incorporated towns and cities of this state, acting by and through the judges or presiding officers thereof, shall have the right and power to conduct trials, receive pleas of guilty, and impose sentence, in the manner required by law, upon defendants violating any and all criminal laws of this state relating to traffic upon the public roads, streets, and highways of this state where the penalty for the offense does not exceed that of the grade of misdemeanor.

(b) The probate courts shall have jurisdiction to issue warrants, try cases, and impose sentence thereon in all misdemeanor cases arising under the traffic laws of this state in all counties of this state in which there is no city, county, or state court, *provided the defendant waives a jury trial. . . .* [Emphasis supplied.][2]

2. Probate courts are granted the power to conduct trials of state misdemeanor traffic cases under the terms of OCGA § 40-13-21 (a). OCGA § 40-13-21 (b) vests jurisdiction in the probate courts "in all counties of this state in which there is no city, county, or state court, provided the defendant waives a jury trial." Additionally, OCGA § 40-13-29 provides:

In all counties except those having city, county, or state courts, the judge of the probate court shall have exclusive jurisdiction of all traffic misdemeanor cases originating in the county outside of municipal corporations. The judge of the municipal court in each municipal corporation shall have exclusive jurisdiction of traffic misdemeanor cases originating

---

[1] Municipal courts are defined at OCGA § 40-13-20:
As used in this article, the term "municipal courts" shall be construed to include municipal courts of the incorporated municipalities of this state and the City Court of Atlanta.
OCGA § 40-13-23 (a) provides:
No court *defined in this article* shall have the power to dispose of traffic misdemeanor cases as provided in this article *unless the defendant shall first waive in writing a trial by jury.* If the defendant wishes a trial by jury, he shall notify the court and, if reasonable cause exists, he shall be immediately bound over to the court in the county having jurisdiction to try the offense, wherein a jury may be impaneled. [Emphasis supplied.]
Because only "municipal courts" are "defined in this article," the written waiver requirement does not seem to apply to probate courts.

[2] The jurisdiction of probate courts can vary from county to county.
The magistrate, juvenile, and state courts shall have uniform jurisdiction as provided by law. Probate courts shall have such jurisdiction as now or hereafter provided by law, without regard to uniformity. [Constitution of Georgia of 1983, Art. VI, Sec. III, Par. I.]

inside the corporate limits of municipalities.

3. The basic inquiry is whether the express language of OCGA § 40-13-21 (b) ("provided the defendant waives a jury trial") is an essential element of *subject matter* jurisdiction, or merely of jurisdiction over the *person*.

If it is the former, no *waiver* of jury trial means no jurisdiction.

If it is the latter, no objection to trial without a jury means waiver of jury trial.[3]

4. In *Williams v. Fuller*, 244 Ga. 846 (262 SE2d 135) (1979), we held:

" 'Jurisdiction of the person is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, and is obtained by appearance or by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action.' [Cits.]" [Id. at 849.]

In *Zeagler v. Zeagler*, 192 Ga. 453 (15 SE2d 478) (1941), we held:

" 'Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the *class of cases* to which that particular case belongs. As applied to the subject-matter of a suit, jurisdiction is always conferred by law, and it is incorrect to suppose that the power to decide in any case rests solely on the averments of a pleading, but on the contrary the jurisdiction of a court in no way depends on the sufficiency or insufficiency of the pleadings, and if the pleadings state a case belonging to a *general class* over which the authority of the court extends, then jurisdiction attaches and the court has power to hear and determine the issues involved.' If the particular case falls within the general class of which the court has jurisdiction, then it is necessary to look to the particular case to find grounds for ousting the jurisdiction of the court. This is what the courts generally refuse to

---

[3] The term "jurisdiction of the person," is illuminated by, e.g., *Fortson v. State*, 96 Ga. App. 350 (100 SE2d 129) (1957) (constitutional right to trial by jury may be waived by defendant); *Green v. Austin*, 222 Ga. 409 (150 SE2d 346) (1966) (failure to request trial by jury where written demand required constitutes waiver); OCGA § 15-1-2:
Parties may not give jurisdiction to a court by consent, express or implied, as to the person or subject matter of an action. However, lack of jurisdiction of the person may be waived, insofar as the rights of the parties are concerned, but not so as to prejudice third persons.

do. Broadly, they lay down the rule that if the court has the jurisdiction to enter upon the inquiry in respect to the issues involved, then the court has jurisdiction of the subject-matter. . . ." [Emphasis supplied.] [Id. at 456-457.]

5. (a) The terms "class of cases" and "general class," as addressed in *Zeagler*, of necessity are distinct from the idea of a *specific* case in which the record contains no waiver of jury trial. A "general class" will not be defined by the presence or absence of specific pleadings filed in a specific case.[4]

(b) We hold that the "general class" of cases here involved consists of state traffic misdemeanor prosecutions initiated in counties in which there is no "city, county, or state court."

6. (a) In those probate court cases in which there is no record that a timely objection to trial without a jury was made, the right to a jury trial is waived. See note 3, above. Cases holding to the contrary, e.g., *Rustin v. State*, 192 Ga. App. 775 (386 SE2d 535) (1989), are disapproved.

(b) Because there is no record of an objection to proceeding without a jury trial in this case, the right of jury trial has been waived in the probate court proceedings. It cannot be raised for the first time on appeal. See OCGA § 15-1-2 above, note 3.

*Judgment affirmed. All the Justices concur, except Smith, P. J., Bell and Benham, JJ., who dissent.*

BENHAM, Justice, dissenting.

Because I cannot agree with the majority's analysis concerning personal versus subject matter jurisdiction, and because I believe the holding of the majority places an inappropriate burden on defendants before the probate courts, I must respectfully dissent.

First, I maintain that the "general class" of cases over which OCGA § 40-13-21 gives certain probate courts subject matter jurisdiction consists of state traffic misdemeanors prosecutions (a) initiated in counties in which there is not a "city, county, or state court," and (b) in which a waiver of jury trial has been obtained. This is not a matter of allowing pleadings to determine the subject matter of the courts. It is instead a matter of honoring the legislature's judgment that it is appropriate to limit the probate courts' jurisdiction to those cases in which the defendant has affirmatively waived a jury trial.

---

[4] The meaning of "general" is that which comprehends all, the whole. (*Webster's Dict.*) "Special," something designed for a particular purpose. Applied to jurisdiction, they indicate the difference between a legal authority extending to the whole of a particular subject, and one limited to a part. . . . [*Gracie v. Freeland*, 1 New York (Comstock's Reports) 228, 232 (1887).]

The statute does not speak of cases in which the defendant has failed to demand a jury trial; it speaks of cases in which the defendant has waived a jury trial.

If the majority's reasoning is correct, OCGA § 40-13-23 (b) will have the curious effect of giving municipal courts subject matter jurisdiction over offenses occurring outside the municipal boundaries so long as the defendant waives the issue by failing to point out the location of the offense. Just as the first sentence of that section gives probate courts jurisdiction, "provided the defendant waives a jury trial," the last sentence gives municipal courts jurisdiction "if the defendant waives a jury trial and the offense arises within the territorial limits of the respective jurisdictions. . . ." If the limitation on the probate courts' jurisdiction is a matter of personal jurisdiction, so would be the similarly phrased limitation on the municipal courts' jurisdiction. I do not believe that result was intended by the legislature.

Second, the phrase, "provided the defendant waives a jury trial," clearly places the burden of obtaining that waiver on the probate court. Under the majority's reasoning, the burden is on the defendant to affirmatively demand a jury trial; otherwise it is waived. That reasoning would be correct if the phrase read "unless the defendant demands a jury trial," but that was not what the legislature chose to require. Instead, in clear language which the majority now treats as meaningless, the legislature required the probate court to obtain a waiver of jury trial as a step in obtaining subject matter jurisdiction over a prosecution of a state traffic misdemeanor.

I would hold that the absence of a waiver of jury trial from the record rendered the judgment of the probate court in the present case a nullity, and that the issue of the failure of the probate court to obtain a waiver could be raised on appeal under the principles that a judgment of a court lacking subject matter jurisdiction is void (OCGA § 17-9-4) and that a void judgment may be attacked in any court. OCGA § 9-11-60 (a). I would, therefore, reverse the judgment of the Court of Appeals. Convinced as I am that the majority's affirmance of the Court of Appeals is contrary to the expressed will of the legislature and to sound policy, I respectfully dissent.

I am authorized to state that Presiding Justice Smith and Justice Bell join in this dissent.

DECIDED APRIL 11, 1991 —
RECONSIDERATION DENIED MAY 9, 1991.

*Virgil L. Brown & Associates, Bentley C. Adams III, Anne Cobb, Eric D. Hearn,* for appellant.
*Tommy K. Floyd, District Attorney, Gregory A. Futch, Assistant*