## S91G0120. DOSSETT v. THE STATE.
### (404 SE2d 548)

PER CURIAM.

Appellant was convicted in probate court of driving under the influence of alcohol. He appealed that conviction to superior court, which affirmed. On appeal to the Court of Appeals, appellant argued that the probate court's judgment was void because there was no written waiver of jury trial. The Court of Appeals held that the issue had been waived by appellant's failure to raise it in the superior court, and affirmed his conviction. *Dossett v. State,* 197 Ga. App. 139 (2) (398 SE2d 24) (1990). We granted certiorari to consider whether the absence from the record of a waiver of jury trial in probate court can be raised in an appellate court if not first raised in superior court.

This case is controlled by *Nicholson v. State,* 261 Ga. 197 (403 SE2d 42) (1991). Under the holding of that case, Dossett's failure to raise in the *probate court* the issue of the absence of a waiver of jury trial prevents appellate review of the issue. The implication in the Court of Appeals' opinion in this case that a defendant may preserve this issue by raising it in the superior court is inconsistent with our opinion in *Nicholson v. State,* and is disapproved.

*Judgment affirmed. All the Justices concur, except Smith, P. J., and Benham, J., who dissent.*

---

BENHAM, Justice, dissenting.

For the reasons stated in my dissent in *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991), I respectfully dissent to the judgment in this case.

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED MAY 10, 1991 —
RECONSIDERATION DENIED JUNE 26, 1991.

*Virgil L. Brown & Associates, Bentley C. Adams III, Anne Cobb,* for appellant.

*William G. Hamrick III, District Attorney,* for appellee.