## A91A0574. KOLKER v. THE STATE.
### (406 SE2d 514)

SOGNIER, Chief Judge.

After the trial court denied his motion to declare a prior DUI judgment null and void, John E. Kolker reserved his right to appeal from the denial of that motion, and pleaded guilty to a pending charge of DUI. He now appeals, contending the trial court erroneously based his sentence as a third time violator in part on the prior Chamblee judgment, which he contends was void. We do not agree.

The record reveals the prior judgment in question was rendered in the Recorder's Court of Chamblee in 1985 when appellant entered

a plea of nolo contendere to a charge of DUI. Appellant argues that because it is undisputed that the Recorder's Court of Chamblee did not obtain a written waiver of jury trial from appellant, as required by OCGA § 40-13-23 (a), that court was without jurisdiction to dispose of the charge, and the judgment entered thereon is consequently null and void. Appellant's argument has recently been decided adversely to him, however, by the Supreme Court. In *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991), the Supreme Court held that the language of OCGA § 40-13-21 (b) conferring jurisdiction upon the probate courts of this state to hear state law traffic violation cases "provided the defendant waives a jury trial" is not an essential element of subject matter jurisdiction, but only of jurisdiction over the person, and therefore, when no objection is raised to trial without a jury, the right to a trial by jury is simply waived. See also *Walker v. State*, 199 Ga. App. 701 (___ SE2d ___) (1991).

Although the *Nicholson* opinion deals directly only with probate courts, OCGA § 40-13-21 (b) also confers upon all police courts, including recorder's courts (see OCGA § 40-13-20), the same jurisdiction as probate courts to try and dispose of misdemeanor traffic offenses arising under state law when the offense is committed within the territorial limits of cities, "if the defendant waives a jury trial." Given that OCGA § 40-13-21 (b) governs jurisdiction of both probate courts and recorder's courts to try the same offenses "provided" — i.e., "if" — the defendant waives a jury trial, and that OCGA § 40-13-23, which requires written waiver of jury trials, applies to all "court[s] defined in this article," we see no reason to limit *Nicholson* to probate courts, and find that the rationale in *Nicholson* is applicable to all courts granted jurisdiction in OCGA § 40-13-21 (b) to try misdemeanor traffic offenses arising under state law when the defendant waives a jury trial. In the case sub judice, since no evidence appears indicating appellant's objection to proceeding without a jury in the prior offense, appellant waived his right to a jury trial on that charge, and hence the trial court did not err by considering the valid prior judgment in sentencing appellant.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 31, 1991 —
REHEARING DENIED JUNE 19, 1991 —

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Jessica R. Towne, David M. Fuller, Assistant Solicitors*, for appellee.