## A90A1325. PHILLIPS v. THE STATE.
(409 SE2d 557)

McMURRAY, Presiding Judge.

In *Phillips v. State*, 261 Ga. 190 (402 SE2d 737), the Supreme Court reversed this Court's dismissal of defendant's direct appeal from convictions in the Probate Court of Meriwether County for

speeding and driving under the influence of alcohol. The dismissal of defendant's direct appeal was based on this Court's holding in *Fellman v. State*, 189 Ga. App. 203 (375 SE2d 476), cert. denied at 189 Ga. App. 911. We now vacate this Court's judgment of dismissal in Case No. A90A1325, *Phillips v. State* (unpublished), and address defendant's sole contention that the superior court erred in failing to vacate his convictions because no written waiver of trial by jury appears in the record. *Held*:

"In *Nicholson v. State*, [261 Ga. 197 (403 SE2d 42), the Supreme Court of Georgia], deciding that the written waiver of jury trial was a matter of personal, rather than subject-matter, jurisdiction, held, '(i)n those probate court cases in which there is no record that a timely demand for jury trial was made, the right to a jury trial is waived.' [Id. at 200 (6,a).] Once it is waived in the probate court, the right to a jury trial may not be raised for the first time on appeal to the superior court, id., or to the appellate court, *Dossett v. State*, 261 Ga. 362." *Walton v. State*, 261 Ga. 392 (405 SE2d 29). In the case sub judice, we find no probate court record of an objection to proceedings without a jury. Consequently, "the right of jury trial has been waived in the probate court proceedings [and it] cannot be raised for the first time on appeal." *Nicholson v. State*, 261 Ga. 197, 200 (6b) (403 SE2d 42).

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 —

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III,* for appellant.

*William G. Hamrick, Jr., District Attorney, Monique F. Kirby, Assistant District Attorney,* for appellee.