A91A0923. DOGGETT v. CITY OF MANCHESTER.
(411 SE2d 288)

POPE, Judge.

Defendant Johnny Stephen Doggett was convicted of DUI after a bench trial in the Municipal Court of the City of Manchester. He appealed to the superior court, complaining, inter alia, that the municipal court did not obtain a written waiver of jury trial as required by OCGA § 40-13-23 (a). The superior court found that in the absence of a written waiver of jury trial defendant's conviction must be reversed, and remanded the case to the municipal court to determine if defendant would waive a jury trial. Defendant filed an application for discretionary appeal to this court, which we granted on November 5, 1990.

Defendant contends that the superior court erred in remanding the case to the municipal court because the judgment of that court, obtained without a written waiver of a trial by jury, was void. We agree with defendant that the trial court erred in remanding the case to the municipal court, but not for the reason urged on appeal.

In *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991), our Supreme Court, reasoning that a written waiver of jury trial is a matter of personal rather than subject matter jurisdiction, held that a defendant who fails to raise the issue of or object to a trial without a jury in the probate court waives the right to a jury trial. Id. at (6). "Once it is waived in the probate court, the right to a jury trial may not be raised for the first time on appeal to the superior court, [*Nicholson v. State*,] id., or to the appellate court, *Dossett v. State*, 261 Ga. 362 (404 SE2d 548) (1991)." *Walton v. State*, 261 Ga. 392 (405 SE2d 29) (1991). Although *Nicholson, Dossett*, and *Walton* all involve appeals to the superior court from traffic offenses which were tried in probate courts, this court has held that the holding enunciated in

those cases "is applicable to all courts granted jurisdiction in OCGA § 40-13-21 (b) to try misdemeanor traffic offenses arising under state law when the defendant waives a jury trial." *Kolker v. State*, 200 Ga. App. 72 (2) (406 SE2d 514) (1991). See also *Perry v. City of Hampton*, 200 Ga. App. 329 (409 SE2d 92) (1991) (in which this court applied this rule to a case in which defendant was originally tried in municipal court for driving under the influence, as was the defendant in this case). Since the record in the case at bar fails to show that defendant objected to proceeding without a jury in the municipal court, the right to a jury trial has been waived. Consequently, the trial court erred in determining that defendant's conviction must be reversed on that basis and in remanding the case to the municipal court for further determination of the waiver of jury trial issue. *Walton*, supra; *Nicholson*, supra.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATION DENIED OCTOBER 8, 1991 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*Tyron C. Elliott*, for appellee.