A91A1751. GILES v. CITY OF LOCUST GROVE.
(416 SE2d 758)

Judge Arnold Shulman.

The appellant was tried and convicted in the Municipal Court of the City of Locust Grove of speeding, DUI and driving without proof of insurance. He immediately filed a notice of appeal to superior court "pursuant to Article IV, Section 41.1 of the Charter of the city of Locust Grove (Ga. L. 1976, pp. 4426, 4451), as amended," in which he demanded "a de novo proceeding . . . as required by said charter." Within the next 30 days, he also filed a "Reservation of Right to Appeal under OCGA § 40-13-28," stating: "[I]n the event it should be subsequently determined that he is not entitled to a de novo proceeding under the appellate procedure established in the city charter then, and only in that event, defendant hereby appeals pursuant to OCGA § 40-13-28 to the Superior Court of Henry County. . . ." After the appeal was docketed in the superior court, the appellant filed a "demand for de novo trial by jury" in that court. The superior court denied this demand and found the appellant "guilty as charged" of each of the three offenses. We then granted the appellant's application for an appeal to this court. See generally OCGA § 5-6-35 (a) (1).

1. The appellant contends that he was entitled to a de novo jury trial in the superior court pursuant to the following language in the above cited section of the city charter: "The right of appeal to the Superior court of Henry County from the [municipal c]ourt shall lie in the same manner and under the same procedure as generally pre-

scribed for appeals . . . from the probate court. . . . An appeal to the superior court shall be a de novo proceeding." Ga. L. 1976, pp. 4426, 4451. We disagree.

The charter confers jurisdiction on the municipal court "to try all offenses within the territorial limits of the city constituting traffic cases which under the laws of Georgia are placed within the jurisdiction of municipal or police courts. . . ." Ga. L. 1976, p. 4448. The municipal courts of this state are generally authorized by OCGA §§ 40-13-21 (a) and 40-13-29 to assert jurisdiction over all misdemeanor traffic cases originating within the corporate limits of the municipality. (But see OCGA § 40-13-23 (a), specifying that municipal courts shall not have the power to dispose of misdemeanor traffic cases "unless the defendant shall first waive in writing a trial by jury.")

The right of appeal in such cases is governed by OCGA § 40-13-28 (Ga. L. 1986, pp. 982, 991, § 15), which provides, in pertinent part, as follows: "Any defendant convicted under this article shall have the right of appeal to the superior court. The provisions of Code sections 5-3-29 and 5-3-30 shall not apply to appeals under this Code section. Otherwise, the appeal shall be entered as appeals are entered from the probate court to the superior court. . . . *The appeal to the superior courts shall not be a de novo investigation before a jury but shall be on the record of the hearing as certified by the judge of that court who presided at the hearing below.*" (Emphasis supplied.)

The appeal procedures set forth in OCGA § 40-13-28 clearly take precedence over any conflicting rules of procedure contained in the city charter, both because the Code section is the latest expression of the General Assembly on the subject, see *State v. Ramsey*, 147 Ga. App. 150, 151-152 (248 SE2d 289) (1978), and also "by reason of the general provision in the Georgia Constitution, and implementing legislation, mandating uniform rules of practice and procedure in each class of courts in the state." *State v. Majia*, 254 Ga. 660 (333 SE2d 834) (1985). It follows that the superior court did not err in denying the appellant's request for a de novo jury trial.

2. The appellant contends that if the statutory appeal procedure does not provide for a trial de novo, then it is unconstitutional. However, there is no indication the appellant advanced any such contention in the superior court. The appellate courts of this state " ' "will not pass upon the constitutionality of a statute unless it *clearly* appears that the point was properly raised in the trial court *and passed on*." [Cit.]' [Cit.]" *Hardison v. Haslam*, 250 Ga. 59, 61 (295 SE2d 830) (1982).

3. The appellant complains that the superior court could not have undertaken a review of the evidence in the case because no transcript or summary of the evidence was contained in the record transmitted to it by the municipal court. We agree. However, we conclude

that under the Supreme Court's recent decision in *Walton v. State*, 261 Ga. 392 (405 SE2d 29) (1991), this establishes no ground for reversal.

In *Anderson v. City of Alpharetta*, 187 Ga. App. 148, 149 (369 SE2d 521) (1988), this court held that an appeal under § 40-13-28, though not a "de novo investigation," is "a 'de. novo proceeding,' whereby the superior court reviews the certified record below and makes a new determination as to guilt or innocence." Based on this interpretation of the statute, we subsequently held, in *Holloman v. State*, 199 Ga. App. 230 (404 SE2d 651) (1991), that a superior court could not presume that a traffic conviction was supported by the evidence based on the absence of a transcript. Accord *Walker v. State*, 199 Ga. App. 519 (405 SE2d 322) (1991), where, following an earlier remand "for clarification by the superior court as to the basis upon which it made its determination that the evidence was sufficient to support the appellant's conviction," we upheld that court's affirmance of a traffic conviction based on an evidentiary summary certified to it by the probate court.

Subsequent to these decisions, however, the Supreme Court, in *Walton v. State*, supra, disapproved of this court's statement in *Anderson v. City of Alpharetta*, supra, that an appeal to superior court under OCGA § 40-13-28 is a de novo proceeding, holding that the mandate of the superior court in such cases is instead "to review asserted errors of law in the proceedings below under general appellate principles." 261 Ga. at 394. Shortly after *Walton v. State* was decided, this court held, in *Perry v. City of Hampton*, 200 Ga. App. 329 (1) (409 SE2d 92) (1991), that where the proceedings in municipal court had been transcribed but the appellant had failed to request in his notice of appeal to superior court that the transcript be included in the record, the appellant could not challenge the sufficiency of the evidence on appeal. That result was, of course, consistent with the general principle of appellate practice that enumerations of error based on the evidence cannot be considered " '[i]n the absence of a transcript, or a record prepared from recollection or a stipulation of the case pursuant to OCGA § 5-6-41 (g, i) . . .' " id., as well as the principle that the burden is on the appellant to show error affirmatively by the record. *Moss v. State*, 194 Ga. App. 181 (390 SE2d 268) (1990). Based on these same principles, we hold in the present case that the superior court was required to presume, in the absence of a contrary showing, that the evidence introduced in the municipal court supported the appellant's convictions.

4. The appellant contends that the municipal court lacked jurisdiction to try him due to its failure to secure from him a written waiver of his right to trial by jury in accordance with OCGA § 40-13-23 (a). However, the Georgia Supreme Court has held that this writ-

ten waiver requirement is itself waived if the defendant proceeds to trial without objecting to being tried without a jury. See *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991); See also *Dossett v. State*, 261 Ga. 362 (404 SE2d 548) (1991); *Walton v. State*, 261 Ga. 392 (405 SE2d 29) (1991). Although, as the appellant points out, the rationale for the *Nicholson* decision is directly applicable only to probate courts, this court has extended it "to all courts granted jurisdiction in OCGA § 40-13-21 (b) to try misdemeanor traffic offenses arising under state law when the defendant waives a jury trial." *Kolker v. State*, 200 Ga. App. 72, 73, (406 SE2d 514) (1991) (cert. denied, 9-6-91).

Not only does the record in the present case fail to reflect that the appellant interposed any objection in the municipal court to being tried without a jury, it contains a finding by the municipal court judge that "the defendant and his counsel were specifically advised by the court of defendant's right to trial by jury and the right to have the case transferred to the Superior Court of Henry County and that the defendant, by and through counsel, specifically advised the court that he did not desire to exercise said right." Under these circumstances, the appellant clearly waived his rights under OCGA § 40-13-23 (a).

5. The appellant contends that the municipal court judge was not qualified to preside over the case because he was not a resident of the judicial circuit in which the court is located. The appellant argues that such a residency requirement exists by virtue of the following language contained in OCGA § 36-32-2 (a): "Notwithstanding any other provision of this chapter or any general or local Act, the governing authority of each municipal corporation within this state having a municipal court, as provided by the Act incorporating the municipal corporation ·or any amendments thereto, is authorized to appoint a judge of such court *who shall be a resident of the same judicial circuit as that in which the court. is located* and who shall serve in lieu of the mayor or other members of the governing authority of the municipality." (Emphasis supplied.)

This statute was originally enacted in 1973 (see Ga. L. 1973, p. 489), one year after the United States Supreme Court held, in *Ward v. Monroeville*, 409 U. S. 57 (93 SC 80, 34 LE2d 267) (1972), that a mayor or other member of the governing body of a municipality is disqualified on due process grounds from serving as municipal court judge where the municipality derives a substantial portion of its income from the fines, forfeitures, costs, and fees imposed by that court. It is apparent that the purpose of the legislation was to provide for the appointment of replacement judges in those courts where the existing judge was disqualified under the *Ward* decision from serving, for subsection (b) of the Code section specifies that it "shall not apply

to any municipal corporation in which neither the mayor nor another member of the governing authority of the municipal corporation serves as judge of the municipal court."

In denying the appellant's motion for disqualification in the present case, the municipal court judge concluded that OCGA § 36-32-2 (a) was not applicable to him because "[n]either the mayor nor another member of the governing authority of the City of Locust Grove serve[d] as judge of the Municipal Court of Locust Grove." The correctness of this factual determination is not disputed on appeal. Accordingly, we hold that the appellant's motion for disqualification was properly denied. See generally *Anderson v. State*, 197 Ga. App. 54, 55 (397 SE2d 557) (1990).

*Judgment affirmed. Carley P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 18, 1992 —
RECONSIDERATION DENIED MARCH 4, 1992 — 

*Virgil L. Brown & Associates, Bentley C. Adams III, Anne C. Allen,* for appellant.

*Smith & Welch, Benjamin W. Studdard III,* for appellee.