A92A1190. SHANNON v. THE STATE.
(424 SE2d 51)

JOHNSON, Judge.

An officer of the Upson County Sheriff's Department stopped a car being driven by Mark Shannon after observing it cross the centerline of the roadway and operating without working taillights. When Shannon got out of the car, the officer noticed that he was unsteady on his feet, that his eyes were glassy, and that there was an odor of an alcoholic beverage about his person. The officer read Shannon the implied consent rights, and he agreed to submit to a state-administered breath test. The breath test results indicated Shannon's blood-alcohol content to be .10 grams/percent, and Shannon was charged with driving with defective equipment and violation of OCGA § 40-6-391.

On January 25, 1988, one month after the date of the incident, Shannon filed a demand for a copy of the accusation, a list of witnesses, a copy of his own statements, and copies of all scientific reports. The prosecuting attorney served the documents Shannon had demanded, including the report of the breath test results, upon Shannon's attorney when the case was called from trial in probate court on March 28, 1988. Shannon was convicted and fined on both charges, and appealed to the Superior Court of Upson County seeking de novo review. An order was entered upholding the convictions on February 11, 1992, from which this appeal is taken.

1. Shannon contends the superior court erred in refusing to reverse the probate court's denial of his motion to suppress the results of the intoximeter test. He does not deny that he was provided a copy

of the report; rather, he contends that because the State failed to provide him with the copy of this report ten or more days prior to trial as required by OCGA § 17-7-211, the state should have been barred from using the evidence. The prosecutor stated in his place that he did not produce any of the documents Shannon had demanded until the start of the trial, and there was no showing by the State that Shannon was provided with a copy of the intoximeter test results by the officer who administered the test, as was found to be sufficient in *Johnson v. State*, 194 Ga. App. 501 (3) (391 SE2d 132) (1990). However, the exclusionary rule under OCGA § 17-7-211 is triggered only when the prosecutor fails to provide a written report. When a written scientific report is furnished late, the appropriate remedy is for the trial court to grant a continuance or recess upon timely request by the defendant. Shannon never requested a continuance or recess, nor was one granted sua sponte by the probate court. A defendant cannot ignore what he believes to be an injustice during his trial, take his chance on a favorable verdict, and complain later. See *Wilburn v. State*, 199 Ga. App. 667, 669-670 (3) (405 SE2d 889) (1991).

2. Shannon's contention that his conviction must be reversed because he was denied a de novo review by the superior court is without merit. He complains that he waived his right to a trial by jury in the probate court because he was relying upon the construction of OCGA § 40-13-28 providing for such review articulated in *Anderson v. City of Alpharetta*, 187 Ga. App. 148 (369 SE2d 521) (1988), and that the Supreme Court's subsequent disapproval of *Anderson* in *Walton v. State*, 261 Ga. 392 (2) (405 SE2d 29) (1991), denied him any avenue of appeal that would satisfy due process. This same argument was made and rejected in *Holloman v. State*, 203 Ga. App. 476, 478 (3) (416 SE2d 839) (1992), where this court held: "When no vested rights are involved, the general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation." See also *Foster v. Bowen*, 253 Ga. 33, 34 (315 SE2d 656) (1984). Thus, contrary to Shannon's assertion, he was not entitled to rely on the former construction of OCGA § 40-13-28 disapproved in *Walton*, supra.

Shannon's contention that due process required he be accorded a de novo review in the superior court because the probate court judge was not legally trained has also been considered and repudiated by both appellate courts. Even if we took judicial notice that the probate judge is not a member of the State Bar of Georgia, the Supreme Court held in *Walton*, a case which also involved an appeal from probate court to superior court, that a review of a record from a court without a law-trained judge satisfies due process requirements. See *Walton*, supra at 394, n. 5; *Pippins v. State*, 204 Ga. App. 318 (1) (419 SE2d 28) (1992).

3. Shannon argues that the citation upon which he was prosecuted failed to notify him how he was in violation of OCGA § 40-6-391. We disagree. The citation recited that Shannon was stopped for driving over the centerline, described him as a less safe driver with the smell of alcohol on his breath and unsteady on his feet, who failed the alco-sensor test and whose blood alcohol content was measured at .10 percent. Shannon was thus clearly apprised that he was being charged with a violation of OCGA § 40-6-391 (a) (1). The trial court correctly refused to grant Shannon's motion for directed verdict of acquittal on the same ground.

4. Shannon argues that he was entitled to a directed verdict of acquittal because the State failed to prove that he was driving or in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to drive. The arresting officer's testimony concerning the circumstances surrounding Shannon's arrest and the charges brought against him was not disputed. This uncontroverted evidence regarding Shannon's condition after the initial stop was sufficient to show probable cause to arrest him for driving under the influence. Even if the officer had not actually observed Shannon operate his vehicle in a "less safe" manner by crossing the centerline of the roadway, and had only stopped him because of the operation of the vehicle with defective equipment, the failure of an officer to actually observe the vehicle being operated in a less safe manner would be immaterial to the existence of probable cause for his arrest or to his guilt for violating OCGA § 40-6-391 (a) (1). There is no requirement that the person actually commit an unsafe act. See *State v. Smith*, 196 Ga. App. 876, 877 (397 SE2d 304) (1990); *Moss v. State*, 194 Ga. App. 181, 182 (390 SE2d 268) (1990).

5. Shannon asserts that the superior court erred in failing to find that the probate court lacked jurisdiction because there was no written waiver of jury trial as required by OCGA § 40-13-23. A written waiver of jury trial is a matter of personal rather than subject matter jurisdiction, and a defendant who fails to raise the issue or object to a trial without a jury in the probate court waives the right to a jury trial. See *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991). Once waived in the probate court, the right to a jury trial may not be raised for the first time on appeal to the superior court, or to the appellate court. See *Dossett v. State*, 261 Ga. 362 (404 SE2d 548) (1991); *Walton*, supra; *Doggett v. City of Manchester*, 201 Ga. App. 425 (411 SE2d 288) (1991). Here, the record of the proceedings in the probate court shows that Shannon made no objection to being tried in that court without a jury, and he does not assert that he objected. Instead he argues that he did not at any time expressly make such a waiver. The merits of this contention were clearly laid to rest in *Nicholson*, and will not be resurrected here. See *Gilbert v. City of Manchester*,

204 Ga. App. 422 (2) (419 SE2d 487) (1992); *Phillips v. State*, 200 Ga. App. 709 (409 SE2d 557) (1991); *Anderson v. State*, 200 Ga. App. 530 (408 SE2d 829) (1991); *Perry v. City of Hampton*, 200 Ga. App. 329 (409 SE2d 92) (1991); *Kolker v. State*, 200 Ga. App. 72 (406 SE2d 514) (1991).

6. Shannon's contention that venue was not proven is without merit. The arresting officer testified that he stopped Shannon two miles west of Thomaston on Highway 74. This fact was not disputed and the superior court found that in the absence of a specific issue being made of venue there was sufficient proof. We agree. *Hunter v. State*, 191 Ga. App. 219 (381 SE2d 525) (1989).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1992 —
RECONSIDERATION DENIED OCTOBER 16, 1992 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Patricia A. Buttaro*, for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.