**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 26, 2019**

# In the Court of Appeals of Georgia

A19A1967. THE STATE v. JOHNSON.

PHIPPS, Senior Appellate Judge.

We granted the State's application for discretionary review of a superior court order reversing a municipal court's conviction of Kevin Leonard Johnson for driving with a suspended license. For the reasons that follow, we reverse.

The evidence shows that on February 2, 2018, Johnson received traffic citations for having an expired registration and driving with a suspended license. The record additionally shows that, also on February 2, 2018, Johnson had been served with notice that his license had been suspended about a week earlier, on January 26, 2018. There is nothing in the record before this Court to indicate whether Johnson received notice of the suspension of his license prior to or after being pulled over and cited for driving with that suspended license.

After a bench trial, the Municipal Court of Lake City acquitted Johnson of the expired registration offense but found him guilty of driving with a suspended license (OCGA § 40-5-121) and sentenced him to 12 months' probation and a fine with the proviso that probation would terminate after one month if he paid the fine and completed the other obligations and conditions of probation.

Johnson appealed to the Superior Court of Clayton County, which heard argument on December 11, 2018. At the hearing, Johnson argued that even though the police officer testified at the municipal court bench trial, the State failed to present a certified copy of his driving record showing that his license had been suspended. The superior court reversed Johnson's conviction on a different ground, finding that the State failed to show that Johnson had received notice of the suspension prior to the date he was stopped. The State then filed this discretionary appeal.[1]

The State contends that the superior court erred in conducting a de novo review. The State also argues that no transcript of the municipal court trial was before the superior court and that the municipal court record before the superior court was incomplete. For these reasons, the State contends, the superior court had no way of determining what documents had been tendered into evidence.

[1] Johnson did not file an appellee's brief.

2

When a defendant is convicted of a traffic violation, he has the right to appeal to the superior court, but that appeal "*shall not be a de novo investigation . . . but shall be on the record of the hearing as certified by the judge of that court who presided at the hearing below.*" (Emphasis supplied.) OCGA § 40-13-28. Pursuant to this standard, a defendant is entitled to a review of whether the lower court properly admitted evidence and whether the evidence was sufficient to support his conviction. *Walton v. State*, 261 Ga. 392, 393 (2) (405 SE2d 29) (1991). "In enacting OCGA § 40-13-28, the General Assembly provided for a right of appeal 'on the record' to the superior court. Thus, the mandate of the superior courts is to review asserted errors of law in the proceedings below under general appellate principles." Id. at 394 (2). Further, "the burden remains on the defendant to ensure that the record includes the issue upon which he or she seeks review[.]" Id. at 394 (2), n. 5.

As there was no transcript of the municipal court hearing before the superior court, it would have been impossible for the superior court to review that record to determine what evidence was tendered to the municipal court and whether the municipal court received or heard evidence regarding whether Johnson, on February

2, 2018, received notice of his license suspension before or after being cited, that same day, for driving with a suspended license.[2]

> In this case, the superior court's decision was inconsistent
>
> with the general principle of appellate practice that enumerations of error based on the evidence cannot be considered in the absence of a transcript, or a record prepared from recollection or a stipulation of the case pursuant to OCGA § 5-6-41 (g), (i), as well as the principle that the burden is on the appellant to show error affirmatively by the record. Based on these same principles we hold in the present case that the Superior Court was required to presume, in the absence of a contrary showing, that the evidence introduced in municipal court supported the appellant's conviction[].

(Citations and punctuation omitted.) *Giles v. City of Locust Grove*, 203 Ga. App. 164, 166 (3) (416 SE2d 758) (1992) (affirming superior court's decision to uphold defendant's convictions in municipal court where superior court "could not have undertaken a review of the evidence in the case because no transcript or summary of

---

[2] While the record before this Court does show that Johnson was cited for driving with a suspended license at 7:02 p.m. on February 2, 2018, the document showing that Johnson was served with notice of his previously suspended license is also dated February 2, 2018, but contains no information as to what time he was served.

the evidence was contained in the record transmitted to it by the municipal court").

Thus, for the reasons outlined above, we reverse.

*Judgment reversed. McFadden, C. J., and McMillian, P. J., concur*.