## 76072. ANDERSON v. CITY OF ALPHARETTA.

(369 SE2d 521)

CARLEY, Judge.

Appellant was tried in the Municipal Court of the City of Alpharetta on a charge of "failure to yield right-of-way." See OCGA § 40-13-21. Appellant was found guilty and, pursuant to OCGA § 40-13-28, she appealed her conviction to the Superior Court of Fulton County. Following a hearing, the superior court dismissed appellant's appeal. Appellant brings this direct appeal from the order of the superior court dismissing her appeal from the municipal court.

The threshold issue is whether this court has jurisdiction over appellant's appeal. OCGA § 5-6-35 (a) (1) provides that appeals to this court from decisions of the superior court reviewing the decisions of lower courts "by certiorari or de novo proceedings" are discretionary. Appellant's appeal to the superior court was clearly not taken by certiorari. If, however, appellant's appeal was a "de novo proceeding," her appeal to this court must be dismissed for failure to comply with the discretionary appeal provisions of OCGA § 5-6-35.

OCGA § 40-13-28, as amended in 1986, provides, in pertinent part: "Any defendant convicted under this article shall have the right of appeal to the superior court. The provisions of Code Sections 5-3-29 and 5-3-30 shall not apply to appeals under this Code section. Otherwise, the appeal shall be entered as appeals are entered from the probate court to the superior court. . . . The appeal to the superior court shall not be a de novo investigation before a jury but shall be on the record of the hearing as certified by the judge of that court who presided at the hearing below." Thus, OCGA § 40-13-28, as amended, provides that, with but two procedural exceptions, appeals from traffic convictions in municipal courts are to be taken to the superior courts in the same manner as appeals are taken from the probate courts. The two procedural exceptions are that OCGA § 5-3-29 and OCGA § 5-3-30 are inapplicable to such an appeal. Those two provisions provide that appeals from probate courts are de novo before a jury. Accordingly, appellant's appeal to the superior court clearly cannot be considered as a de novo proceeding before a jury, as would otherwise be true with an appeal taken from a probate court. This is not only implicitly clear from the stated inapplicability of OCGA §§ 5-3-29 and 5-3-30, it is also made explicitly clear from the statutory language of OCGA § 40-13-28 that "[t]he appeal to the superior court shall not be a de novo investigation before a jury. . . ." Since the applicable statutory provision clearly establishes that the appeal is not de novo *before a jury*, the issue becomes whether the elimination of the jury feature has the added effect of removing the appeal entirely from the concept of a "de novo proceeding" as employed in OCGA § 5-6-35 (a) (1).

OCGA § 40-13-28, having eliminated the jury feature of an appeal to the superior court, then provides that the appeal "shall be on the record of the hearing as certified by the judge of that court who presided at the hearing below." Thus, it is the superior court itself, rather than a jury, which is charged with the fact-finding responsibility. Rather than rehearing the evidence, the superior court conducts a review of the record of the lower court hearing, and, after conducting such a review, the superior court, as the trior of fact, makes its own determination as to guilt. Thus, the superior court does make a de novo *finding* as to guilt vel non, in much the same manner as the Full Board of Workers' Compensation reviews the awards of administrative law judges, the obvious difference being that the superior court, unlike the Full Board, is not authorized to rehear the actual evidence. The superior court's lack of authority to rehear the evidence in connection with an appeal under OCGA § 40-13-28 would, perhaps, show that the appeal is not a de novo "investigation." It would not, however, show that the appeal is not a de novo "proceeding." The 1986 amendment to OCGA § 40-13-28, therefore, had the effect of changing the applicable factfinder and of limiting the evidentiary scope of an appeal from a traffic conviction in a municipal court, but it did not have the effect of changing the de novo nature of the appeal.

Accordingly, we hold that the appeal that is created by OCGA § 40-13-28 is a "de novo proceeding," whereby the superior court reviews the certified record below and makes a new determination as to guilt or innocence. It follows that we have no jurisdiction over appellant's appeal. "Under OCGA § 5-6-35 [(cit.)] '(a) Appeals in the following cases shall be taken as provided in this Code section: (1) Appeals from decisions of the superior courts reviewing decisions of . . . lower courts by certiorari or *de novo proceedings*. . . .' Thus the instant case should have been brought under the provisions of the code section pertaining to discretionary appeals and the failure to do so subjects it to dismissal. [Cit.]" (Emphasis supplied.) *Wimbish v. State*, 166 Ga. App. 223 (303 SE2d 766) (1983).

*Appeal dismissed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 13, 1988.

*Michael E. Bergin*, for appellant.
*Robert A. Harris, Solicitor*, for appellee.