A90A1363. WALTON v. THE STATE.
(398 SE2d 221)

CARLEY, Chief Judge.

Appellant was convicted in the probate court of driving under the influence of alcohol and, pursuant to OCGA § 40-13-28, appellant appealed to the superior court. The superior court determined that the probate court was without authority to try appellant because appellant's written waiver of trial by jury had not been secured. See OCGA § 40-13-23 (a); *Rustin v. State*, 192 Ga. App. 775, 776 (2) (386 SE2d 535) (1989). On this basis, the superior court remanded the proceedings to the probate court with direction that the probate court recall

the case and either retry appellant if he waived trial by jury in writing, or bind appellant over for jury trial in the superior court if he did not. Appellant appeals from this order of the superior court.

1. The appeal that is created by OCGA § 40-13-28 is a de novo proceeding. *Anderson v. City of Alpharetta*, 187 Ga. App. 148 (369 SE2d 521) (1988). In such a proceeding, the superior court, following its own applicable procedures, undertakes to address only those issues which the lower court was otherwise authorized to address. *Peavey v. Crawford*, 182 Ga. 782 (1) (187 SE 13) (1936). Thus, if the record had demonstrated that the probate court was otherwise authorized to determine appellant's guilt or innocence, the superior court, exercising the comparable authority of the probate court, but following the applicable procedure of OCGA § 40-13-28, would have been authorized to determine appellant's guilt or innocence by conducting a de novo review of the certified record of the hearing that had been conducted by the probate court. However, the record demonstrated that the probate court was *not* otherwise authorized to determine appellant's guilt or innocence because there was no written waiver of trial by jury. Accordingly, the superior court correctly held that, on the record before it, it likewise had no comparable authority to determine appellant's guilt or innocence through the procedure mandated by OCGA § 40-13-28.

The question remains, however, whether the superior court correctly remanded the case to the probate court. In a de novo appellate proceeding before the superior court, the "case must be tried anew as if no trial had been had. [Cits.] *It is not the province of the superior court on such an appeal to review and affirm or reverse the rulings of the [probate court], but to try the issues anew and pass original judgments on the questions involved as if there had been no previous trial.*" (Emphasis supplied.) *Hall v. First Nat. Bank of Atlanta*, 85 Ga. App. 498 (3) (69 SE2d 679) (1952). " '[T]he case on appeal from the [probate court] brings the *whole case up for a new hearing' but with the same jurisdiction as was possessed by the [probate court].* [Cits.]" (Emphasis supplied.) *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972). It follows that the superior court "erred in remanding the proceedings to the [probate court]. [Cit.]" *Knowles v. Knowles*, supra at 645 (1). The whole case was before the superior court and, exercising the comparable authority of the probate court, the superior court *itself* should have addressed the lack of appellant's written waiver of the right to trial by jury on the record before it and should have made the appropriate rulings in that regard just as if no previous proceedings had been held in the probate court. Thus, if the superior court failed to obtain appellant's written waiver of trial by jury, the superior court itself should have placed the case on its own jury trial calendar just as the probate court would be

required to bind the case over for jury trial in the superior court. If, on the other hand, the superior court did obtain appellant's written waiver of trial by jury, the superior court itself should have placed the case on its own non-jury trial calendar just as the probate court would be required to conduct a non-jury trial. Accordingly, the superior court's order remanding the case to the probate court is reversed with the direction that the superior court address the issue of appellant's written waiver of the right to trial by jury and make the appropriate rulings in that regard.

2. Appellant's remaining enumeration of error has been considered and found to be without merit.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990 —
REHEARING DENIED OCTOBER 15, 1990 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.