A90A2315. EPPINGER v. THE STATE.
(403 SE2d 829)

McMURRAY, Presiding Judge.

Defendant was tried before a judge of the Probate Court of Upson County, Georgia, and found guilty of violating OCGA § 40-6-391 (a) (4) (driving with a blood alcohol concentration of 0.12 grams or more). Defendant filed an appeal to the superior court and the superior court entered an order which provides, in pertinent part, as follows: "This Court conducted, pursuant to O.C.G.A. [§] 40-13-28, a 'de novo proceeding' for the limited purpose of making a new determination as to the guilt or innocence of the [defendant]. A review of the certified record from the Probate Court of Upson County indicates that [defendant] is guilty beyond a reasonable doubt of driving under the influence of alcohol." This appeal followed. *Held*:

1. In his first two enumerations, defendant contends the trial court erred in denying his motion to dismiss and plea in bar.

An examination of the record transmitted from the superior court reveals no motion to dismiss and plea in bar. The only motion to dismiss and plea in bar before the superior court for review was defense counsel's statement in the certified probate court trial transcript that, "We have a . . . motion to dismiss and plea in bar — combined plea in bar attacking the constitutionality of the DUI statutes. Would you rule on all those at this time? THE COURT: I'm going to deny your motions." This record is insufficient for the superior court to have been able to conduct a review of defendant's motion to dismiss and plea in bar. " 'A constitutional issue . . . must be clearly raised in the trial court and distinctly ruled upon there. (Cit.). . . .' *Harbin v. State*, 193 Ga. App. 248-49 (1) (387 SE2d 367) (1989)." *Martin v. State*, 195 Ga. App. 548 (1) (394 SE2d 551).

"The appeal that is created by OCGA § 40-13-28 is a de novo proceeding. *Anderson v. City of Alpharetta*, 187 Ga. App. 148 (369 SE2d 521) (1988). In such a proceeding, the superior court, following its own applicable procedures, undertakes to address only those issues which the lower court was otherwise authorized to address. *Peavy v. Crawford*, 182 Ga. 782 (1) (187 SE 13) (1936)." *Walton v. State*, 197 Ga. App. 263, 264 (1) (398 SE2d 221). In the case sub judice, the superior court did not have a sufficient record to review the probate court's denial of defendant's motion to dismiss and plea in bar. It therefore follows that nothing remains for this court to review as "our inquiry is confined to whether [the superior court] erred in affirming the conviction." *Dossett v. State*, 197 Ga. App. 139 (2) (398 SE2d 24). Defendant's first and second enumerations present nothing for review.

2. In his third enumeration, defendant contends the trial court erred in denying his motion to suppress and motion in limine wherein defendant allegedly sought exclusion of the State-administered breath test.

An examination of the record transmitted from the superior court reveals no motion in limine or motion to suppress. However, the certified trial transcript from the probate court shows that defense counsel pressed a motion to suppress and a motion in limine before trial, but it also shows that defense counsel did not then state reasons for excluding evidence of the State-administered breath test. The only other reference in the probate court trial transcript regarding exclusion of the State-administered breath test is defense counsel's objection to evidence of the results of the State-administered breath test. Defendant's attorney then stated that a "proper foundation has not been laid [as asserted] under 9, 10, 11, 12, and 13 of my motion to suppress." Under these circumstances and since defendant's motion to suppress and motion in limine were not before the superior court for review, there was an insufficient record for the superior court to review the grounds for defendant's motion to suppress and motion in limine. Consequently, this enumeration presents nothing for this court to review. See *Dossett v. State*, 197 Ga. App. 139 (2), supra.

3. In his final enumeration, defendant asserts the general grounds and argues that the State's failure to prove the "scientific reliability to a degree of verifiable certainty . . ." of the machine which tested defendant's breath was fatal to the State's case. This contention is without merit.

" 'The results of a breath test are admissible in a criminal proceeding for driving under the influence of alcohol if the test is performed in accordance with the specific statutory guidelines of OCGA § 40-6-392 (a) (1).' *Dotson v. State*, 179 Ga. App. 233 (1) (345 SE2d 871) (1986)." *Burks v. State*, 195 Ga. App. 516, 517 (2 a) (394 SE2d

136). In the case sub judice, the record shows that the machine used to test defendant's breath was an approved type; that the officer who administered the test was trained and certified to operate the machine; that the machine was operating properly when defendant's breath was tested and that defendant was informed of his implied consent rights before being tested. This evidence established that defendant's breath was tested in accordance with the specific guidelines of OCGA § 40-6-392 (a). See *Burks v. State*, 195 Ga. App. 516, 517 (2 a), supra. Consequently, the results of the State-administered breath test were properly admitted into evidence.

Evidence showing that defendant's blood alcohol concentration was .27 percent within one hour after being in actual physical control of a motor vehicle and evidence showing that a law enforcement officer observed defendant operating a motor vehicle on the wrong side of a public road within one hour of defendant's breath test was more than sufficient to sustain the superior court's finding that defendant was guilty, beyond a reasonable doubt, of driving under the influence of alcohol (driving with a blood alcohol concentration of 0.12 grams or more). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Burks v. State*, 195 Ga. App. 516, 518 (5), supra.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 8, 1991 —

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.