S91G0170. WALTON v. THE STATE.
(405 SE2d 29)

HUNT, Justice.

Terry Lee Walton was convicted in probate court in Upson County of driving under the influence of alcohol. He appealed to the superior court under the provisions of OCGA § 40-13-28. That court, finding that no written waiver of a jury trial appeared in the record of the probate court, remanded the case to the probate court for a determination of the waiver issue. Walton appealed that order to the Court of Appeals, which held that remand was error and that the superior court should have decided anew whether or not the defendant had formally waived a jury trial and should have then disposed of the matter de novo, either jury or non-jury, depending on its determination of the jury waiver issue. The Court of Appeals remanded the case to the superior court for that purpose. *Walton v. State,* 197 Ga. App.

---

263 (398 SE2d 221) (1990). We granted certiorari to consider whether Walton could raise the jury waiver issue in the superior court and whether the appellate review by the superior court under OCGA § 40-13-28, is, in fact, de novo.

1. In *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991), this court, deciding that the written waiver of jury trial was a matter of personal, rather than subject-matter, jurisdiction, held, "[i]n those probate court cases in which there is no record that a timely demand for jury trial was made, the right to a jury trial is waived." Once it is waived in the probate court, the right to a jury trial may not be raised for the first time on appeal to the superior court, id., or to the appellate court, *Dossett v. State*, 261 Ga. 362 (404 SE2d 548) (1991).

Walton did not demand a jury trial in probate court, and, thereby, waived it. *Nicholson v. State*, supra. The Court of Appeals erred in remanding this case to the superior court for further determination of the waiver of jury trial issue.

2. The Court of Appeals also incorrectly held the superior court, upon remand, should try the case de novo. OCGA § 40-13-28 provides:

> Any defendant convicted under this article shall have the right of appeal to the superior court. The provisions of Code Sections 5-3-29 and 5-3-30 shall *not* apply to appeals under this Code section. Otherwise, the appeal shall be entered as appeals are entered from the probate court to the superior court, . . . *The appeal to the superior court shall not be a de novo investigation before a jury* but shall be on the record of the hearing as certified by the judge of that court who' presided at the hearing below. [Emphasis supplied.]

OCGA § 5-3-29 provides for de novo investigations in appeals from lower adjudicatories to the superior court;[1] OCGA § 5-3-30 provides for jury trials.[2] Despite the proviso that these two Code sections are not applicable, the Court of Appeals, in interpreting OCGA § 40-13-28,[3] concluded that appeals from the probate courts are "de novo,"

---

[1] OCGA § 5-3-29 provides:
An appeal to the superior court in any case *where not otherwise provided by law* is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case. [Emphasis supplied.]

[2] OCGA § 5-3-30, as is pertinent here, sets out: "All appeals to the superior court or state court shall be tried by a jury . . .; provided, however, that trial by jury may be waived by the consent of both parties to trial by the court without a jury as provided in Code Section 9-11-39."

[3] The Court of Appeals' inquiry in *Anderson v. City of Alpharetta*, supra, 187 Ga. App.

although they are not "before a jury," where a jury trial has been waived in the probate court. *Anderson v. City of Alpharetta*, 187 Ga. App. 148, 149 (369 SE2d 521) (1988). We disagree with the Court of Appeals' construction of this statute, and expressly disapprove of language in the case indicating the appeal to the superior court is a "de novo proceeding." *Anderson*, supra at 149.[4]

In enacting OCGA § 40-13-28, the General Assembly provided for a right of appeal "on the record" to the superior court. Thus, the mandate of the superior courts is to review asserted errors of law in the proceedings below under general appellate principles. The appellant may not raise issues not litigated in the court below, but he is entitled to a review of the record which ensures that the evidence has been received in conformity with statutory and constitutional standards and that it supports the conviction, including application of the standards set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). If the conviction is properly supported by the evidence, the conviction would stand; if not, an acquittal would be required. The superior court would not, however, make an independent finding of guilt or innocence based on the evidence submitted, as would be done were the appeal, in fact, de novo.[5]

*Judgment reversed and remanded with direction. All the Justices concur.*

---

at 149, was focused on whether a discretionary application was necessary under OCGA § 5-6-35 (a) (1), requiring an application for "appeals from decisions of the superior courts reviewing decisions of . . . lower courts by certiorari or de novo proceedings. . . ." The holding in *Anderson*, that an application to appeal is necessary, is not applicable where the case originates in probate court. *Phillips v. State*, 261 Ga. 190 (402 SE2d 737) (1991).

[4] We disagree with the distinction drawn by the Court of Appeals between a *de novo investigation* and a *de novo proceeding* and its conclusion that while the superior court review under OCGA § 40-13-28 would be the latter and not the former since the review court was confined, factually, by the record from the lower court, the superior court could, nonetheless, make an independent non-jury *finding* as to guilt or innocence. That holding is inconsistent with the statute. It would create a hybrid de novo process by which the review court would hear no original evidence but would take the facts submitted below and make a "de novo" finding as to guilt or innocence, and would do so without considering, for example, the credibility of the witnesses based on their demeanor. The critical question, we believe, is not whether the appeal is jury or non-jury, but whether it is, or is not, on the record. The statute mandates that it is on the record. Such a review is foreign to the concept of an appeal de novo. Upon a review of the record, the superior court is not "the trior of fact, [making] its own determination of guilt." *Anderson*, supra at 149. Its function is similar to the one performed in a workers' compensation review, not by the Full Board, which can find facts anew, but by the superior court, itself, which cannot.

[5] A review of the record from a court without a law-trained judge has been held to satisfy due process in Arizona, *Palmer v. Superior Court In & For Maricopa County*, 560 P2d 797, 799 (Ariz, 1977) and in Wyoming, *Canaday v. State*, 687 P2d 897, 899 (Wyo. 1984). Under our statute the lower court judge shall certify the record but the burden remains on the defendant to ensure that the record includes the issue upon which he or she seeks review as well as the lower court's ruling on such issue.

DECIDED JUNE 11, 1991 —
RECONSIDERATION DENIED JULY 3, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn,* for appellant.
*W. Fletcher Sams, District Attorney, Randall K. Coggin, William T. McBroom III, Assistant District Attorneys,* for appellee.