S91A0758. LANKFORD v. CITY OF MARIETTA.
(409 SE2d 515)

BENHAM, Justice.
Convicted in municipal court of violating OCGA § 40-6-391 (a) (4), appellant took an appeal to superior court pursuant to the provisions of OCGA § 40-13-28. Noting that the Court of Appeals, in *Anderson v. City of Alpharetta,* 187 Ga. App. 148 (369 SE2d 521) (1988), had ruled that OCGA § 40-13-28 required the superior court to make a new determination of guilt or innocence based solely on the record from the lower court, the superior court in the present case found the statute unconstitutional as a violation of due process, and dismissed the appeal. We granted appellant's application for discretionary appeal.

In *Walton v. State,* 261 Ga. 392 (2) (405 SE2d 29) (1991), this court examined the Court of Appeals' holding in *Anderson,* supra, and expressly disapproved of the designation of an appeal to superior court under OCGA § 40-13-28 as a "de novo proceeding."

In enacting OCGA § 40-13-28, the General Assembly provided for a right of appeal "on the record" to the superior

---

court. Thus, the mandate of the superior courts is to review asserted errors of law in the proceedings below under general appellate principles. The appellant may not raise issues not litigated in the court below, but he is entitled to a review of the record which ensures that the evidence has been received in conformity with statutory and constitutional standards and that it supports the conviction, including application of the standards set out in *Jackson v. Virginia*, [cit.]. If the conviction is properly supported by the evidence, the conviction would stand; if not, an acquittal would be required. The superior court would not, however, make an independent finding of guilt or innocence based on the evidence submitted, as would be done were the appeal, in fact, de novo. [*Walton*, supra at 394.]

In the present case, appellant did not receive the review mandated by OCGA § 40-13-28. It is necessary, therefore, that the dismissal of his appeal be reversed and the case remanded for further proceedings consistent with the holding in this case and in *Walton*, supra.

*Judgment reversed and remanded with direction. All the Justices concur.*

DECIDED OCTOBER 18, 1991.

*Larry W. Yarbrough*, for appellant.
*Benjamin M. First, Assistant Solicitor*, for appellee.