## A91A1990. WILSON v. CITY OF RIVERDALE.
### (416 SE2d 825)

Sognier, Chief Judge.

Teofila Wilson was convicted in the Municipal Court of the City of Riverdale of a violation of OCGA § 40-6-72 (b) (failure to yield right of way), the citation for which was issued after Wilson was involved in a two-car collision. She appealed to the Superior Court of Clayton County pursuant to OCGA § 40-13-28, which affirmed the judgment. Wilson then filed her direct appeal to this court.

1. The City contends that under *Anderson v. City of Alpharetta*, 187 Ga. App. 148 (369 SE2d 521) (1988), appeals from convictions for motor vehicle law violations must be made by application pursuant to OCGA § 5-6-35 (a) (1), and thus this appeal should be dismissed for lack of appellate jurisdiction. OCGA § 5-6-35 (a) (1) requires an application for appeal for "[a]ppeals from decisions of the superior courts reviewing decisions of . . . lower courts by certiorari or de novo proceedings." In *Anderson*, this court held that an appeal to superior court pursuant to OCGA § 40-13-28 was such a de novo proceeding so as to require an application for appeal to this court. However, in *Walton v. State*, 261 Ga. 392, 393-394 (2) (405 SE2d 29) (1991), the Supreme Court rejected this view, holding that an appeal under OCGA § 40-13-28 is an appeal on the record, not a de novo proceeding. Accordingly, we hold that *Anderson* will no longer be followed and that appeals from superior court reviews made pursuant to OCGA § 40-13-28 are directly appealable under OCGA § 5-6-34 (a).

2. In two enumerations appellant challenges the sufficiency of the evidence. Our review of the municipal court transcript discloses that appellant was travelling west on Springdale Road in Riverdale during morning rush hour. She stopped at a stop sign on Springdale Road at its intersection with State Highway 85, a seven-lane thoroughfare with a single center turn lane designed to be used by both northbound and southbound travellers. Appellant intended to turn left from Springdale Road and travel south on Highway 85. The northbound traffic on Highway 85 was backed up to a standstill because of a traffic light at an intersection north of Springdale Road. At trial three witnesses, all of whom had been stopped in northbound travel lanes just south of the Springdale Road intersection, testified that the northbound drivers allowed appellant to cross in front of the three northbound travel lanes in order to make her turn. As she began crossing the universal turn lane to enter the southbound lanes, she collided with Kinney, who had entered the turn lane from a northbound lane of Highway 85.

Appellant testified that she did not see Kinney in the center turn lane until they collided. Kinney testified that he was driving his usual route to his workplace in southwest Atlanta, that he entered the turn

lane south of the Springdale Road intersection with the intention of turning left onto Springdale Road, and that he did not see appellant's car when he entered the turn lane. The other witnesses recalled seeing his car approaching, and they opined that he was travelling too fast for conditions. Kinney was convicted of improper lane change in the same trial on the basis of the court's finding that he entered the turn lane too soon.

OCGA § 40-6-72 (b) provides in pertinent part that "every driver of a vehicle approaching a stop sign shall stop [at the designated point]. After stopping, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection. . . ." Contrary to appellant's assumption, the municipal court's finding that Kinney improperly entered the intersection has no bearing on appellant's guilt. Although he may have entered too soon, the evidence established that he entered the lane to make a left turn, which is a lawful use of that lane. Thus, at the time appellant entered the intersection Kinney was lawfully in the lane and she was obligated to yield to him. Compare *Harrison v. Ellis*, 199 Ga. App. 199 (404 SE2d 348) (1991) (driver entering road had no duty to yield to approaching vehicle that was *illegally* using turn lane as a passing lane).

Appellant's contention that Kinney's vehicle was not approaching "so closely as to constitute an immediate hazard" is similarly without merit, for the fact that the collision occurred indicates that his vehicle presented such a hazard. Moreover, the testimony of Kinney and the other witnesses together with the undisputed evidence concerning the point of impact establishes that Kinney's car was already in the turn lane when appellant entered it and thus qualified as a "vehicle in the intersection." Accordingly, we hold the superior court correctly concluded the evidence satisfied the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant also contends that Kinney's testimony concerning his route of travel and reason for being in the turn lane was perjured and should have been struck. We do not agree. Contrary to appellant's characterization of the events at trial, the transcript reveals that after some confusion ensued concerning Kinney's testimony, the traffic court judge questioned Kinney to clarify the issue and then concluded that Kinney's direction of travel on Highway 85 was consistent with his testimony concerning his route of travel and intended left turn. Furthermore, the testimony of appellant and the other witnesses was sufficient to support the verdict even without Kinney's testimony.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 6, 1992.

*Donald Ellis*, for appellant.

*Glaze, Glaze, Fincher & Brakefield, Laurel E. Henderson*, for appellee.