## A90A1363. WALTON v. THE STATE.
### (418 SE2d 148)

CARLEY, Presiding Judge.

Appellant was convicted in the probate court of driving under the influence of alcohol and, pursuant to OCGA § 40-13-28, he appealed to the superior court. The superior court determined that the probate court had been without authority to try appellant, since a written waiver of trial by jury had not been secured. The proceedings were, therefore, remanded to the probate court with direction that, upon the recall of the case, appellant was to be retried if he waived trial by jury in writing or he was to be bound over for jury trial in the superior court if he did not.

Appellant appealed from this order of the superior court and, in *Walton v. State*, 197 Ga. App. 263 (398 SE2d 221) (1990), this court reversed. On certiorari, however, our judgment was reversed and the case was remanded to this court for such further action as might be necessary to give effect to the Supreme Court's opinion. *Walton v. State*, 261 Ga. 392 (405 SE2d 29) (1991). Accordingly, our original judgment is vacated and the judgment of the Supreme Court is hereby made the judgment of this court.

The judgment of the superior court remanding the proceedings to the probate court because no written waiver of trial by jury had been secured is reversed. Appellant "did not demand a jury trial in probate court, and, thereby, waived it." *Walton v. State*, 261 Ga., supra at 393 (1). The superior court is further directed to consider the merits of appellant's appeal by "review[ing] asserted errors of law in the [probate court] proceedings . . . under general appellate principles. . . . [A]ppellant may not raise issues not litigated in the [probate] court . . . , but he is entitled to a review of the record which ensures that the evidence has been received in conformity with statutory and constitutional standards and that it supports the conviction, including application of the standards set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). If the conviction is properly supported by the evidence, the conviction would stand; if not, an acquittal would be required. The superior court [is] not, however, [to] make an independent finding of guilt or innocence based on the evidence submitted, as would be done were the appeal, in fact, de novo." *Walton v. State*, 261 Ga., supra at 394 (2). To the extent that our holding in *Anderson v. City of Alpharetta*, 187 Ga. App. 148 (369 SE2d 521) (1988) is inconsistent with this opinion, it is hereby overruled.

*Judgment reversed and case remanded with direction. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Beasley, Cooper, Andrews and Johnson, JJ., concur.*

DECIDED APRIL 10, 1992.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III,* for appellant.
*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney,* for appellee.