## A92A0314. GILBERT v. CITY OF MANCHESTER.
### (419 SE2d 487)

BEASLEY, Judge.

Gilbert was convicted in a recorder's court of driving under the influence of alcohol (OCGA § 40-6-391 (a)) and with improper equipment (OCGA § 40-8-7). He appealed under OCGA § 40-13-28 to the superior court, which affirmed.

The superior court ruled against Gilbert on two issues. These rulings are enumerated as error. As to the first, the superior court reviewed the appeal "on the record," as required by OCGA § 40-13-28 and *Walton v. State,* 261 Ga. 392, 394 (2) (405 SE2d 29) (1991), and rejected Gilbert's challenge to the sufficiency of the evidence, since "there is no transcript of the hearing, no transcript prepared by recollection and no stipulation of facts as authorized by OCGA § 5-6-41 (g) and (i)." See *Ward v. State,* 188 Ga. App. 372, 374 (3) (373 SE2d 65) (1988). As to the second, the superior court rejected Gilbert's assertion that his conviction should be reversed under OCGA § 40-13-23 (a), because it provides that the court does not have jurisdiction "unless the defendant shall first waive in writing a trial by jury," and no written waiver of his right to jury trial is in the record. The superior court relied on *Nicholson v. State,* 261 Ga. 197, 200 (6a) (403 SE2d 42) (1991), that "[i]n those probate court cases in which there is no record that a timely objection to trial without a jury was made, the right to a jury trial is waived. . . . Cases holding to the contrary, e.g., *Rustin v. State,* 192 Ga. App. 775 (386 SE2d 535) (1989), are disapproved." This was also the holding in Division 1 of *Walton,* supra at 393.

1. Gilbert argues that the absence of a transcript results in an insufficiency of the evidence to support his convictions, since, as held in *Walton* at 394, "[t]he appellant . . . is entitled to a review of the record which ensures that the evidence has been received in conformity with statutory and constitutional standards and that it supports

the conviction, including application of the standards set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). If the conviction is properly supported by the evidence, the conviction would stand; if not, an acquittal would be required."

*Walton* states in its sub-text that "[u]nder [OCGA § 40-13-28] the lower court judge shall certify the record but the burden remains on the defendant to ensure that the record includes the issue upon which he or she seeks review as well as the lower court's ruling on such issue." Fn. 5 at 394. A defendant must request that a hearing on a misdemeanor charge be reported and transcribed, unless the trial court on its own motion orders that this be done. *Parker v. State*, 154 Ga. App. 668 (1) (269 SE2d 518) (1980); see OCGA § 5-6-41 (b); *Odom v. State*, 196 Ga. App. 293 (2) (396 SE2d 27) (1990). *Walton* did not change this requirement. An appellate court is for the correction of errors of law, *Parker,* supra at 669, and where the defendant has not requested that the proceedings be reported and transcribed, an enumeration of error complaining of this relates to no ruling by the trial court and thus presents nothing for consideration. "[T]he mandate of the superior courts is to review asserted errors of law in the proceedings below under general appellate principles." *Walton,* supra at 394. Gilbert did not show error from the record. The lack of a transcript does not result in a reversal of the conviction.

2. Gilbert argues that the holding in *Nicholson* regarding waiver of jury trial is inapplicable because he, unlike Nicholson, was not tried in probate court.

The statutory scheme at issue in *Nicholson* was Article 2 of Chapter 13 of Code Title 40 (OCGA §§ 40-13-20 through 40-13-33). Article 2 applies to probate courts and municipal courts of incorporated towns and cities. See OCGA §§ 40-13-20; 40-13-21 (a). Nicholson was convicted in probate court. Gilbert was convicted in a municipal court. The argument in both cases is that the convictions must be reversed under OCGA § 40-13-23 (a) because of the absence of a written waiver of jury trial in the record. *Nicholson,* which rejected the argument, controls.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 7, 1992 —
RECONSIDERATION DENIED JUNE 3, 1992 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn,* for appellant.
*William G. Hamrick, Jr., District Attorney,* for appellee.