A92A1992. WALTON v. THE STATE.
(429 SE2d 158)

BIRDSONG, Presiding Judge.

Appellant Terry Lee Walton appeals from the order of the superior court dismissing his appeal. Appellant was convicted of DUI in probate court and appealed his conviction to the superior court. The superior court found that the record before it affirmatively shows that appellant never formally waived a trial by jury, and that in the absence of a specific written waiver of jury trial, the probate court was without jurisdiction. On February 22, 1990, the superior court ordered remand of the proceedings to the probate court with direction that if upon the "recall of this case" appellant refuses to waive a trial by jury, the case should then be transferred to the superior court for trial, but that if appellant waived a jury trial, the case could be tried in probate court. On March 12, 1990, appellant appealed the order of the superior court to this court. On September 26, 1990, this court reversed the superior court's holding and remanded the case with direction on the grounds the superior court should have decided the waiver issue anew. *Walton v. State*, 197 Ga. App. 263 (398 SE2d 221). The Supreme Court granted certiorari. On April 11, 1991, the Supreme Court issued its opinion in *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42), holding that waiver was not an issue effecting subject matter jurisdiction, but instead, raised only an issue of personal jurisdiction, which issue could be waived by failure to insist timely upon such right. On June 11, 1991, the Supreme Court reversed this court and remanded said case with direction in *Walton v. State*, 261 Ga. 392 (405 SE2d 29); in doing so, the Supreme Court explained its holding in *Nicholson*, supra, and concluded Walton had waived his right to demand a jury trial (*Walton*, supra at 261 Ga. 393 (1)). The Supreme Court also concluded that an appeal pursuant to OCGA § 40-13-28 is not an appeal de novo, and expressly *disapproved* that language in *Anderson v. City of Alpharetta*, 187 Ga. App. 148 (369 SE2d

521), indicating that an appeal pursuant to OCGA § 40-13-28 "to the superior court is a 'de novo proceeding.'" *Walton*, supra, 261 Ga. at 394. The Supreme Court then issued the following language of direction to this court: "In enacting OCGA § 40-13-28, the General Assembly provided for a right of appeal 'on the record' to the superior court. Thus, the mandate of the superior courts is to review asserted errors of law in the proceedings below under general appellate principles. The appellant may not raise issues not litigated in the court below, but he is entitled to a review of the record which ensures that the evidence has been received in conformity with statutory and constitutional standards and that it supports the conviction, including application of the standards set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). . . . If the conviction is properly supported by the evidence, the conviction would stand; if not, an acquittal would be required." *Walton*, supra at 261 Ga. 394. This court subsequently vacated its earlier order and remanded the case to the superior court with direction (*Walton v. State*, 203 Ga. App. 888 (418 SE2d 148)); in this opinion, we expressly acknowledged that this case was remanded to us by the Supreme Court "for such further action as might be necessary to give effect to [its] opinion" and incorporated the judgment of the Supreme Court within our judgment (id.). This court then issued the following language of direction to the superior court: "Appellant 'did not demand a jury trial in probate court, and, thereby, waived it.' [Cit.] The superior court is further directed to consider the merits of appellant's appeal by 'review(ing) asserted errors of law in the (probate court) proceedings . . . under general appellate principles. . . . (A)ppellant may not raise issues not litigated in the (probate) court . . . , but he is entitled to a review of the record which ensures that the evidence has been received in conformity with statutory and constitutional standards and that it supports the conviction, including application of the standards set out in *Jackson v. Virginia*, [supra]. If the conviction is properly supported by the evidence, the conviction would stand; if not, an acquittal would be required. The superior court (is) not, however, (to) make an independent finding of guilt or innocence based on the evidence submitted, as would be done were the appeal, in fact, de novo.'" *Walton*, supra at 203 Ga. App. 888.

The superior court received notice of remittitur on May 15, 1992. On May 19, 1992, the superior court entered an order dismissing appellant's appeal, although the order reflects, inter alia, that "this court has reviewed the record of the probate court as transmitted to this court. Although sparse, no errors were found." (The record reflects that the original notice of appeal to the superior court, dated August 28, 1989, indicates that appellant stated a transcript of the trial would be filed for inclusion with the record on appeal. No such

transcript has been forwarded for our review.)

Appellant's sole enumeration of error is that "the superior court erred in dismissing appellant's appeal without allowing appellant an opportunity to be heard, in contravention of an order of the Court of Appeals and resulting in the violation of appellant's right to due process under the 5th and 14th Amendments of the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia [1983]." In support of this enumeration, appellant argues he was denied, inter alia, a meaningful opportunity to submit an enumeration of errors and an appellate brief. Appellee contends that no error has occurred, and that any error was rendered harmless as the trial court did review the record before finding no errors. *Held*:

1. Appellant was issued a traffic citation for DUI in violation of state law, to-wit: OCGA § 40-6-391 (a) (1); he was convicted in probate court of driving under the influence of alcohol. Although appellant's notice of appeal asserts that this court has jurisdiction of this appeal in that it involves "a conviction for a non-capital felony," a conviction under OCGA § 40-6-391 (a) (1) is not a felony conviction. OCGA § 40-6-391 (c).

2. The order of this court states unequivocally on its face that "[t]he superior court is further directed to consider the merits of appellant's appeal." *Walton*, supra at 203 Ga. App. 888. The trial court failed to comply with this direction by dismissing appellant's appeal rather than reaching a final determination thereof. Although the trial court may have reviewed the record sua sponte for errors of law, failure to reach final determination of the merits of appellant's appeal substantially departs from the direction of this court and of the holding of the Supreme Court on which our direction is based. To protect and effectuate our judgment and that of the Supreme Court, this case will be remanded to the superior court for compliance with the directions mandated by this court in *Walton*, supra at 203 Ga. App. 888 and the resulting order of remittitur. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV; see Ga. Const. of 1983, Art. VI, Sec. V, Par. III and Art. VI, Sec. VI, Par. VI.

3. Further, the trial court's order reveals that it did not affirmatively determine the issue of sufficiency of the evidence notwithstanding the direction of this court, and the recognition by the trial court that "in this case no error is asserted nor even mentioned by the appellant *except* in one instance in the [superior court hearing] transcript where appellant's attorney *mentions* the *insufficiency* of the evidence." (Emphasis supplied.) Rather, the trial court elected to dismiss the appeal. However, it did review the trial record, concluding that the record was "sparse" and that no errors were found, and added an end note to its order stating that it had re-reviewed *Jack-*

*son v. Virginia,* supra, and "finds nothing to require an appellate court to seek out error where none is asserted." The issue of evidence sufficiency should have been addressed expressly pursuant to our direction even if it becomes necessary to apply, in the absence of a transcript and in the proper disposition of the appeal, the precedent of *Gilbert v. City of Manchester,* 204 Ga. App. 422 (419 SE2d 487) (lack of transcript does not result in reversal of conviction). Compare *Johnson v. State,* 261 Ga. 678, 679 (2) (409 SE2d 500) (assume evidence supported findings absent transcript); see also *Acker v. Jenkins,* 178 Ga. App. 393, 394 (1) (343 SE2d 160) (presumption in favor of regularity of *all* proceedings in a court of competent jurisdiction).

4. Appellant also asserts, citing *Walker v. Walker,* 247 Ga. 502, 503 (277 SE2d 45), that his failure to file timely an enumeration of error and appellate brief was without fault on his part, as he was entitled to rely reasonably on *Anderson,* supra, which was the controlling law at the time he appealed de novo to the superior court from the probate court. We agree that relying on the precedent of *Anderson,* supra, appellant would not necessarily have been required to provide an enumeration of error (see generally OCGA § 5-6-48 (f)) and an appellate brief addressing such enumeration, as he would have received an appeal de novo, and likewise would not have had to file a transcript of the probate proceedings or an authorized statutory substitute (see generally OCGA § 5-6-41) thereof in order to prevail on an appeal de novo. Thus, although we are unaware of any precedent that is so factually similar as to be per force controlling, fundamental fairness dictates that our direction can be effectuated adequately by adopting a procedure (for the disposition of this particular case only) which will allow appellant to have a reasonable opportunity to submit such matters for superior court consideration. Accordingly, we will remand this case so both the spirit and the letter of our direction to the trial court can be fulfilled thereby ensuring that our order will be effectuated. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, supra; OCGA §§ 15-1-3 (6); 15-2-8 (7).

Regarding the general procedures for obtaining a trial transcript: see generally OCGA § 5-6-41 (b), (g) and (i). But see *Ward v. State,* 188 Ga. App. 372 (3) (373 SE2d 65) (absent demand for transcript at demanding party's request, the reporting of a misdemeanor case is not required as a matter of law); *Sheriff v. State,* 184 Ga. App. 180 (361 SE2d 53); *Page v. State,* 159 Ga. App. 344 (6) (283 SE2d 310); *Williams v. State,* 140 Ga. App. 87, 89 (230 SE2d 94) (defendant in misdemeanor case was not denied transcript erroneously absent demand therefor at own expense); cf. *Ivory v. State,* 199 Ga. App. 283, 284 (1) (405 SE2d 90) (no asserted issues remained for review where transcript incomplete).

Accordingly, to effectuate the order and direction given to the

superior court following remand in *Walton*, supra at 203 Ga. App. 888 (Ga. Const. of 1983, supra; OCGA § 15-2-8 (7)), and in the interests of fundamental fairness and justice (OCGA § 15-1-3 (6)): (1) the order of the superior court is vacated; (2) the appeal will be reinstated; and (3) appellant will be provided a reasonable time to file with the superior court a transcript or permissible substitute therefor (OCGA § 5-6-41) of the probate proceedings sought to be appealed, an enumeration of errors, and an appellate brief. Disposition of the appeal will thereafter be made in accordance and consistent with the directions of *Walton*, supra at 261 Ga.; *Walton*, supra at 203 Ga. App., and the holdings in this opinion.

*Judgment vacated and case remanded with direction. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 12, 1993.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.