## A94A2061. WALTON v. THE STATE.
(456 SE2d 289)

POPE, Presiding Judge.

This is the third appearance of this case before this court.[1] As is pertinent to this appeal, defendant was charged with driving under the influence after being stopped at a road/license check. He was tried and convicted following a bench trial in the Probate Court of Upson County, and his conviction was affirmed by the superior court. Defendant appeals.

1. After a review of the record, we find that the evidence was sufficient to authorize defendant's conviction, beyond a reasonable doubt, of driving under the influence of alcohol to the extent that it was less safe for him to drive. *Anthony v. State*, 211 Ga. App. 622, 623 (1) (441 SE2d 70) (1993); *Rylee v. State*, 210 Ga. App. 314 (436

---

[1] For a review of these prior appellate appearances, see *Walton v. State*, 207 Ga. App. 787 (429 SE2d 158) (1993).

SE2d 52) (1993). It follows that, contrary to defendant's first enumeration of error, the probate court did not err in denying defendant's motion for directed verdict.

2. Defendant next contends that the results of the intoximeter test should have been excluded because defendant was denied his right to an independent test as provided by OCGA § 40-6-392 (a) (3). The arresting officer testified that the defendant waived his right to an independent test, although on cross-examination the witness also indicated that at some point defendant did request a blood test. The State also introduced the implied consent warning form, wherein defendant indicated his waiver of additional testing. Because the record supports the conclusion that the defendant waived his right to additional testing, the denial of defendant's motion to exclude the intoximeter results is not clearly erroneous and therefore must be affirmed. See *Morgan v. State*, 212 Ga. App. 394, 397 (2) (442 SE2d 257) (1994); *Pruitt v. State*, 203 Ga. App. 125 (1, 2) (416 SE2d 524) (1992).

Defendant's remaining argument in support of this enumeration was not raised at trial and thus will not be addressed here. *Morgan*, 212 Ga. App. at 395 (1); *Smith v. State*, 204 Ga. App. 576, 577 (2a) (420 SE2d 29) (1992).

3. Defendant next contends that the probate court erred in allowing the intoximeter operator to testify since his name was not provided to defendant in response to his request under OCGA § 17-7-110. The record shows that the State's witness list contained the name of the arresting officer and a Robert Cochran. The intoximeter operator's name is Ronnie Cochran. The intoximeter report listed the operator as R. Cochran. Defense counsel stated that he had questioned Upson County Sheriff Department personnel in attempts to find a Robert Cochran. However, defense counsel did not reveal this information until mid-way through the trial, even though he received the witness list at the beginning of trial and made no objection to it at that time. Moreover, when the State indicated that the proper procedure would be to provide the defense with an opportunity to interview the witness prior to his testifying, defense counsel responded, "[D]on't need to question him." " 'The purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial. . . . (T)he proper remedy when a witness is called whose name was not on the list is to request a continuance, not the exclusion of the witness' testimony.' (Citations and punctuation omitted.) *Grace v. State*, 210 Ga. App. 718, 721 (5) (437 SE2d 485) (1993)." *Dixon v. State*, 214 Ga. App. 374, 377 (4) (448 SE2d 40) (1994). The admission of the testimony was not error under the circumstances of this case.

4. Contrary to defendant's fourth enumeration of error, the rec-

ord indicates that the original implied consent warning form, and not a photocopy, was admitted into evidence at trial.

5. Lastly, defendant contends that the probate court failed to exercise discretion in imposing sentence. We agree with defendant that the record supports this conclusion. "[A] trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility." *Cottingham v. State*, 206 Ga. App. 197, 199 (3) (424 SE2d 794) (1992). See also *Jones v. State*, 208 Ga. App. 472 (431 SE2d 136) (1993). In his original brief to this court defendant did not request that we vacate the sentence imposed by the probate court, or that we remand the case so that a new sentence may be imposed, but instead urges that "[t]he problem in this case goes beyond lack of discretion during the sentencing," to the point of predetermining guilt. The record does *not* support this contention, or otherwise show that defendant's conviction ought to be overturned because of any error occurring during the sentencing phase. However, because the record shows the judge used a set policy in sentencing the defendant, the sentence must be vacated and the case remanded to the superior court with direction that the case be returned to the probate court for resentencing with direction that the new sentence not exceed the sentence previously imposed.

*Judgment of conviction affirmed, sentence vacated and case remanded with direction. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 28, 1995.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Mark M. Irvin, Assistant District Attorney*, for appellee.