## A96A1400. POSEY v. THE STATE.
### (474 SE2d 206)

JOHNSON, Judge.

Anthony Merit Posey was tried on charges of rape, aggravated sodomy, false imprisonment and two counts of aggravated assault involving his former girl friend. He appeals from his conviction of false imprisonment and one count of aggravated assault.

1. Posey contends that the trial court erred in allowing the state to introduce evidence of a previous aggravated assault conviction involving another former girl friend as a similar transaction. "Although evidence of independent misconduct is not generally admissible, it may be admissible, after notice and a hearing, pursuant to Uniform Superior Court Rule 31.3, if the state makes three showings: (1) that the evidence is offered, not to raise an improper inference regarding the character of the defendant, but for a proper purpose; (2) that there is sufficient evidence that the defendant committed the independent act; and (3) that there is sufficient similarity between the independent act and the charged offense to demonstrate that the independent act is logically relevant to a material issue in dispute in the trial. See *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991)." *Mitchell v. State*, 265 Ga. 71, 72 (2) (453 SE2d 731) (1995). The record indicates that before the trial court allowed the state to introduce evidence regarding the prior offenses, it held a pre-trial hearing in accordance with Uniform Superior Court Rule 31.3 (B). At the hearing, the state introduced a certified copy of Posey's guilty plea to charges of aggravated assault and criminal trespass in the earlier case. In the previous incident, Posey went to an apartment he had formerly shared with the victim, armed with a knife, and attempted to force her to leave with him. The trial court concluded that the previous incident was admissible in connection to the aggravated assault charges in this case and instructed the jury to consider the evidence only as it may illustrate the mental state, identity or intent of Posey and for no other purpose. The court further charged the jury that it could consider the evidence in that light only with regard to those particular counts of the indictment. See *Ramirez v. State*, 217 Ga. App. 120, 123 (2) (456 SE2d 657) (1995).

The purpose for the introduction of the evidence was to show Posey's course of conduct in dealing with deteriorating relationships with women, thus satisfying the first prong of the requirements of *Williams v. State*, supra. The introduction of the guilty plea identify-

ing Posey as the perpetrator in the first offense obviates any further proof regarding identity. Finally, the trial court did not err in concluding that there was sufficient similarity between the prior offenses and the crimes charged in this case such that the proof of the former tended to prove the latter. See *Parker v. State*, 220 Ga. App. 303, 305 (4) (469 SE2d 410) (1996). Interestingly, Posey testified at trial that he was trying to rescue the first victim from an unhealthy environment where drugs were present. In this case the incident followed Posey's accusation that the victim had smoked marijuana. All three prongs of the *Williams v. State*, supra, inquiry having been satisfied, we find no error in the admission of the similar transaction evidence in this case.

2. The trial court's decision to allow a witness to testify whose name appeared on the list of witnesses for the similar transactions hearing, but not on the original list of witnesses for trial, was not error. "The purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial. The proper remedy when a witness is called whose name was not on the list is to request a continuance, not the exclusion of the witness' testimony." (Citations and punctuation omitted.) *Walton v. State*, 217 Ga. App. 11, 12 (3) (456 SE2d 289) (1995). Although Posey's counsel objected to the witness' testimony, he did not request a continuance. Counsel interviewed the witness during a lunch recess in the trial, after which the trial judge asked if counsel needed more time with the witness. Counsel conceded that nothing more could be gained by more time with the witness, but renewed his motion to exclude her testimony. "The purpose of OCGA § 17-7-110 . . . may be satisfied if the defendant is given a satisfactory opportunity to interview such a witness before the witness' testimony is taken. [Cit.] The trial court provided [Posey] such an opportunity." *Thomason v. State*, 215 Ga. App. 189, 190 (3) (450 SE2d 283) (1994). This enumeration does not require reversal.

3. Finally, Posey asserts that the trial court erred in refusing to disqualify the entire jury panel after he sought, and was granted, permission to address everyone in the courtroom prior to jury selection. In his speech, Posey apologized to the victim for anything which he may have done wrong in their relationship, challenged the constitutionality of the charges against him, claiming they are the result of the institutionalized violation of the principle of separation of powers, and complained about his attorney, the trial court, and the corrupt bureaucracy of the judicial system in general. Posey was clearly attempting to contaminate the jury panel by his actions, and manipulate the system he disdains. There could have been no other purpose for this highly irregular display. This Court has repeatedly held that

one cannot complain of error which his own conduct aided in causing. See, e.g., *Patterson v. State*, 202 Ga. App. 440, 441 (2) (414 SE2d 895) (1992). We will not countenance Posey's behavior by reversing the trial court's denial of the motion to disqualify the panel.

*Judgment affirmed. McMurray, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED JULY 9, 1996 —
RECONSIDERATION DENIED AUGUST 5, 1996 —

*Krontz & Bowen, Kenneth W. Krontz*, for appellant.
Anthony M. Posey, *pro se*.
*Peter J. Skandalakis, District Attorney, Dennis T. Blackmon, Assistant District Attorney*, for appellee.