A99A1613. LYONS v. THE STATE.
(521 SE2d 232)

MCMURRAY, Presiding Judge.

On December 21, 1997, defendant was charged in uniform traffic citations with driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) and with weaving over the roadway in violation of OCGA § 40-6-48. On January 13, 1998,[1] in the Probate Court of Whitfield County, defendant submitted a signed "RIGHTS AND PLEA" form which omitted any actual guilty plea but indicated that defendant, then age 34, had completed the tenth grade; understood the charges against him and the extent of the possible penalties; understood his right to an attorney, including appointed counsel; understood his right to remain silent, to call witnesses, to cross-examine the State's witnesses, and to have the State prove his guilt beyond a reasonable doubt; and understood his right to a jury trial. Based on a court adjudication of guilt to both charges, defendant was sentenced to 48 hours to serve and a fine of $1,025, followed by 11 months and 28 days probation, 80 hours of community service, and attending a risk reduction course. Defendant appealed to the superior court pursuant to OCGA § 40-13-28. There, he argued that this

---

[1] The prospective rule regarding verbatim records of guilty plea hearings announced in *King v. State*, 270 Ga. 367 (509 SE2d 32), if applicable to non-jury trials of traffic offenses in the probate courts, was nevertheless not in force until February 25, 1999, the date of publication in the official advance sheets.

Code section is a constitutionally defective method to review decisions of a non-lawyer judge unless it is construed to require a record (transcript) unless such record (transcript) is waived by the defendant. After a review of the record as transmitted from the probate court, the superior court affirmed defendant's convictions. Defendant's direct appeal to the Supreme Court of Georgia was transferred to the Court of Appeals of Georgia. *Held*:

In his sole enumeration of error, defendant contends OCGA § 40-13-28 unconstitutionally deprives him of due process by improperly placing on the defendant the burden of establishing that a record was in fact requested in the lower court proceeding, when no record or procedural safeguards exist to determine whether defendant in fact requested that same be transcribed.

1. Defendant has abandoned any distinct federal claim by failing to support such contention with argument or citation of authority. Court of Appeals Rule 27 (c) (2). Consequently, we determine defendant's claims under Georgia law alone.

2. It is undisputed that defendant did not submit a written request for transcription of his bench trial to the probate judge, nor any written objection to the alleged refusal to transcribe that trial. Nor did he employ the substitute for a transcript authorized by OCGA § 5-6-41 (g). Rather, in support of his contention, defendant states in his brief that he requested his bench trial "be transcribed or recorded [but that this] request was denied . . ." by the probate judge.

Under OCGA § 40-13-28, the lower court shall certify the record, but the burden remains on the defendant to ensure that the record includes the issue upon which he or she seeks review as well as the lower court's ruling on such issue, and this procedure satisfies due process. *Walton v. State*, 261 Ga. 392, 394 (2), n. 5 (405 SE2d 29). Accord *Walker v. State*, 204 Ga. App. 559 (1), 560 (420 SE2d 17). The very existence of the procedure to recreate the events of an unrecorded trial, as authorized by OCGA § 5-6-41 (g), is sufficient to rebut defendant's unsubstantiated allegations that the Code section objected to deprived him of meaningful review of his convictions for driving under the influence of alcohol and weaving over the roadway as alleged in the uniform traffic citations.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 26, 1999.

*Kenneth D. Bruce, Don W. Thompson*, for appellant.

*Thurbert E. Baker, Attorney General, Kermit N. McManus, District Attorney, Matthew A. Rankin, Assistant District Attorney*, for appellee.