## A99A1773. CASTELLON v. THE STATE.
### (522 SE2d 568)

ELDRIDGE, Judge.

A Fulton County jury found German Castellon guilty of burglary. He appeals, claiming error in the trial court's admission of evidence that Castellon committed two similar burglaries in 1989. Castellon contends that the admission of such evidence was based upon the investigating officer's hearsay testimony, and if admission of the hearsay testimony had been properly denied, the State would have failed to establish that the independent acts were sufficiently similar to the case-in-chief so as to warrant their admission. Finding no merit to Castellon's contentions regarding the admission of the similar transaction evidence, we affirm the conviction.

1. *Williams v. State*, 261 Ga. 640, 641-642 (2) (409 SE2d 649) (1991), provides that, before admission of similar transaction evidence, the State must affirmatively show that (1) it is introducing evidence of an independent offense or act for an appropriate purpose, (2) there is sufficient evidence to establish that the accused committed the independent offense or act, and (3) there is sufficient connec-

---

tion or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

Here, a jury found Castellon guilty of the two 1989 burglaries that were introduced as similar transactions upon the trial of the instant case, thereby "obviat[ing] any further proof regarding identity." *Posey v. State*, 222 Ga. App. 405, 406 (1) (474 SE2d 206) (1996). Further, there is no dispute that the State offered the evidence for an appropriate purpose. Castellon's sole contention is that the trial court erred in permitting the detective who investigated the prior offenses to testify regarding the facts of those cases in order to demonstrate similarity; Castellon contends that his testimony was based on inadmissible hearsay. We do not agree.

The record shows that the detective who testified regarding the prior burglaries was the lead investigative officer thereof. At the time of each burglary, the detective answered the call, interviewed the victim, and viewed the crime scene. The detective's testimony was factual in nature and was based upon his own investigations. "Since the investigator actually investigated and had personal knowledge of [the] burglaries, his testimony as to those . . . offenses was not hearsay. [Cits.]" *Jackson v. State*, 217 Ga. App. 485, 489 (4) (c) (458 SE2d 153) (1995). See also OCGA § 24-3-2; *Smith v. State*, 236 Ga. App. 122 (511 SE2d 223) (1999).

In addition, a jury found Castellon guilty of both prior burglaries based upon the facts as established by the detective's investigation. "[A] criminal judgment is res judicata of every fact in issue which is actually or necessarily adjudicated by that judgment. [Cits.]" *Lindsey v. State*, 227 Ga. 48, 52 (2) (178 SE2d 848) (1970). Thus, the jury's finding independently established the validity of the facts as ascertained by the detective's investigation, and the detective's testimony was not "hearsay." OCGA § 24-3-1. Moreover, Castellon did not contest the correctness of the detective's version of the facts. There was no error in the trial court's admission of the detective's testimony.

2. Castellon does not dispute that the evidence of the prior burglaries — as presented — was sufficiently similar to the instant case to warrant admission. Instead, Castellon contends that, *if* the trial court had refused to permit the detective's testimony, *then* the evidence of the prior burglaries would not have been sufficiently similar to the instant case to warrant admission. However, since we found in Division 1, supra, that the detective's testimony was properly admitted, this contention fails.

3. We find as barred Castellon's additional claim of error that the State improperly put his character into evidence when the prosecutor made a reference to the similar transaction burglaries as "counts 10 and 14" of the prior indictment. To this brief comment, Castellon objected and moved for mistrial because the jury could infer that his

previous indictment included additional counts.[1] The trial court offered to give a verbal curative instruction, but the defense refused a verbal instruction. However, Castellon did agree to a curative action: a re-draft (as opposed to a redaction) of the prior indictment, so that, when the prior indictment was sent out with the jury, it would appear that such indictment had always contained only the two similar transaction counts, despite the State's brief comment. Following this curative action and after the re-drafted, two-count indictment was sent out with the jury, Castellon never "articulated the motion or raised it again or perfected it in any way." *O'Kelley v. State*, 175 Ga. App. 503, 505 (333 SE2d 838) (1985). Accordingly, this issue is barred. *Pless v. State*, 260 Ga. 96, 99 (390 SE2d 40) (1990); *Baker v. State*, 230 Ga. App. 813, 816 (498 SE2d 290) (1998); *Bowman v. State*, 222 Ga. App. 893, 895 (476 SE2d 608) (1996).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 16, 1999.

*Sharon L. Hopkins*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[1] Under the prior, similar transaction indictment, Castellon was charged with 22 counts of burglary.